Elizabeth Ann Routt CLARK, Plaintiff-Respondent,

v.

Billy Ray ROUTT, Defendant-Appellant.

No. 8960.

Springfield Court of Appeals, Missouri.

March 26, 1970.

No appearance for plaintiff-respondent.

Douglas, Douglas & Douglas, Neosho, for defendant-appellant.

TITUS, Presiding Judge.

When plaintiff sued for divorce defendant was served only by publication and the divorce decree entered April 16, 1968, awarded her, inter alia, the care and custody of the two minor children born of the marriage but made no allowance for child

maintenance because the court lacked jurisdiction to do so. Beckmann v. Beckmann, 358 Mo. 1029, 1034(2), 218 S.W.2d 566, 570(10), 9 A.L.R.2d 428, 433 (banc). On July 6, 1968, plaintiff filed (1) a motion to modify the decree to provide her "a reasonable amount of monthly child support,"[1] and (2) a common law action to recover from defendant $300 which plaintiff allegedly expended from February 12 to May 4, 1968, supporting the children.[2] Defendant was personally served and appeared generally in both causes which were consolidated and tried to the court. On May 31, 1969, a $300 judgment was entered for plaintiff in her common law suit and the divorce decree was modified by ordering "that defendant pay [to plaintiff] the sum of $24.00 per week *as back child support* from May 4, 1968 to May 1, 1969, the sum of $1237.71; that defendant pay to plaintiff the sum of $24.00 per week as child support commencing on May 1, 1969." (Our emphasis.) Defendant did not appeal from the $300 judgment; he did, however, appeal from the judgment modifying the divorce decree and his sole complaint relates to the particular portion of the judgment which awarded "child support retrospective [sic] because the modification of a divorce decree for child support is only effective as to support of the child in the future."

While we do not recommend defendant's malaprop, we accept his principle. Regardless of whether there is a valid court order requiring him to do so [Lodahl v. Papenberg, Mo., 277 S.W.2d 548, 550–551(1)], a divorced father has the primary duty to support and educate his minor children. Anderson v. Anderson, Mo.App., 437 S.W.2d 704, 709(2); Riggin v. Riggin, Mo.App., 373 S.W.2d 633, 634

(3). If the divorce decree awards the mother custody of the children but is silent regarding their maintenance, the father's duty to support his children remains as at common law [Hunter v. Schwertfeger, Mo. App., 407 S.W.2d 606, 609(7)], and upon his failure the mother may maintain an independent action against the father to recover the reasonable expenses she has incurred supporting them. Allen v. Allen, 364 Mo. 955, 958, 270 S.W.2d 33, 35(2); Marley v. Marley, 356 Mo. 870, 873(1), 204 S.W.2d 261, 263(1). When a court may properly entertain such a proceeding, the mother also has another and different remedy which is to proceed in the divorce action to have the decree modified to include an order for future child support. Civil Rules 88.03 and 88.07, V.A.M.R.; §§ 452.070 and 452.110, RSMo 1959, V.A. M.S. The two remedies are conterminous and not concurrent; the question of election of remedies is not involved but rather the use of the proper remedy suitable for the situation is required. Lodahl v. Papenberg, supra, 277 S.W.2d at 551(3–5); Kelly v. Kelly, 329 Mo. 992, 1003, 47 S.W.2d 762, 767, 81 A.L.R. 875, 884 (banc). The independent common law suit by the mother seeking reimbursement "looks to the past" [Smith v. Smith, Mo.App., 300 S.W.2d 275, 278(4)], whereas an award for child maintenance in a divorce action upon a motion to modify the decree simply fixes the amount which the father is to pay in the future in discharge of his duty to support the children. Sportsman v. Sportsman, Mo. App., 409 S.W.2d 787, 791(4); Wonneman v. Wonneman, Mo.App., 305 S.W.2d 71, 78 (2). Therefore, any claims plaintiff had or may have for reimbursement of child maintenance costs incurred by her before *the entry of a valid decree in the divorce case establishing defendant's obligation in*

1. Although a motion to modify a divorce decree is in the nature of an independent proceeding and is treated as a petition in an original action, Mahan v. Mahan, 239 Mo.App. 317, 319(2), 192 S.W.2d 626, 627(2), the motion in respect to maintenance of children is, nevertheless, simply a continuation of the original action and is not a new suit. Laumeier v. Laumeier, 308 Mo. 201, 222(6), 271 S.W. 481, 487 (8) (banc).

2. We are not advised why the claim in this suit was limited to the short period stated but it is of no concern to us upon this appeal.

that regard, were cognizable only in a suit independent of the divorce action and could not be properly adjudicated in the divorce case.

That portion of the judgment nisi dated May 31, 1969, which purports to modify the divorce decree entered April 16, 1968, by undertaking to adjudge defendant's liability to plaintiff for child maintenance prior to May 31, 1969, is reversed and the cause is remanded with directions that the trial court delete from said modifying decree all orders which undertake to fix and adjudicate defendant's liability to plaintiff for the maintenance of the two minor children before May 31, 1969, so that said decree, until otherwise properly modified for cause, shall order and adjudge that defendant, commencing May 31, 1969, shall pay to plaintiff the sum of $24 per week as and for the maintenance of said minor children. In all other respects, the judgment is affirmed.

STONE and HOGAN, JJ., concur.