685 S.W.2d 614 (1985)
L.M.K., Petitioner/Appellant,
v.
D.E.K., Respondent.
No. 48030.
Missouri Court of Appeals, Eastern District, Division Four.
February 5, 1985.
*615 Charles D. Sindel, Clayton, for petitioner/appellant.
William L. Pannell, Festus, for respondent.
SMITH, Presiding Judge.
Petitioner appeals from an order awarding custody of children to respondent based *616 on respondent's action to modify a dissolution decree. We reverse and remand.
The marriage of petitioner (wife) and respondent was dissolved on November 4, 1969. Petitioner was awarded custody of the only child born of the marriage, Lisa. Petitioner remarried a different man and during pendency of that marriage gave birth to another child, Stacey, on July 27, 1973. That marriage also ended in dissolution. Respondent, contending that Stacey was the product of a "reconciliation," claimed parentage of Stacey. In September 1982, respondent moved for modification of the dissolution decree seeking primary custody of both children. Respondent is remarried to another woman. The trial court made a finding that Stacey was the daughter of respondent and ordered the decree of dissolution modified to award primary custody of both children to respondent. Neither petitioner's second husband nor Stacey were made parties to the proceeding. This appeal followed.
A trial court has continuing jurisdiction to modify a dissolution decree. This power is also applicable to the custody of the children of the marriage. Burchett v. Burchett, 572 S.W.2d 494 (Mo.App.1978) [1]. The authority of the court in granting custody and support in the dissolution action is to provide for the children of the marriage. Secs. 452.305, 452.340, 452.375, RSMo.1978. It cannot possibly provide for the custody and support of a child which has not even been conceived and therefore does not exist. Sec. 452.410 RSMo.1978, provides that modification shall not occur unless the court has jurisdiction and finds that a change in the circumstances of the child or its custodian has occurred since the original decree. A modification of custody can only apply to a child of the marriage which was the subject of the dissolution proceeding as it is the judgment of dissolution which is being modified. Stacey was not such a child. She was not even conceived until long after dissolution of the marriage. The trial court lacked jurisdiction on a motion for modification to determine the custody of Stacey.
Paternity may be determined in a declaratory judgment suit. K.D.R. v. D.E.S., 637 S.W.2d 691 (Mo. banc 1982) [2, 3]. It can also be determined as an issue in a dissolution action. State ex rel. Lackey v. Hoester, 599 S.W.2d 272 (Mo.App.1980). We see no reason why a count for declaration of paternity and custody of one child could not be joined in a case such as the one before us with the count for modification of custody of the other child. Here the two children are at least half-sisters and if respondent's paternity claim is correct, full sisters. The custody determination of Lisa must properly consider whether her best interests warrant having the sisters under separate custody. Sec. 452.375.2(3) RSMo Cum.Supp.1984. That decision in turn is dependent on the outcome of the paternity action which will determine the placement of the custody of Stacey. It is clear, however, that a paternity suit affects the rights of more than the mother and claimed putative father. There is no stronger presumption in law than the presumption that a child born during wedlock is the child of the husband. Brown v. Brown, 609 S.W.2d 223 (Mo.App.1980) [7]; Amber B. v. Leland S., 592 S.W.2d 201 (Mo.App.1979) [1]. The presumptive father has an interest in the proceeding and before his status can be changed and he is deprived of his rights with respect to the child he is entitled to notice of the action and has a right to be heard. He is an indispensable party to the litigation. Amber B. v. Leland S., supra, [2]; Rule 52.04(b). The presumptive father was not a party to this action nor does the record reflect any notice to him of the proceeding.
Further, the rights of the child require her joinder in the action and the appointment of a guardian ad litem for her. L. v. R., 518 S.W.2d 113 (Mo.App.1974) [12]. This is particularly true here where the efforts of the respondent are to bastardize the child. Hannibal v. Hannibal, 604 S.W.2d 824 (Mo.App.1980) [2]; S. v. S., 595 S.W.2d 357 (Mo.App.1980) [5, 6].
The evidence of illegitimacy was less than compelling. It consisted of respondent's testimony that he was the father and had provided support for Stacey, *617 petitioner's prior petition for a change of name for herself and the child to respondent's surname, her testimony at that proceeding, and an affidavit in the change of name proceeding by the presumptive father that he was not the father. In the trial here, mother denied respondent's paternity although having alleged it in the change of name petition. The affidavit of the presumptive father is not part of the record nor is petitioner's testimony at the change of name proceeding. The record contains no evidence of non-access during the conception period by the presumptive father nor any scientific evidence, such as blood tests, to establish paternity. The change of name proceeding does not depend for its outcome upon the establishment of paternity. Sec. 527.270 RSMo.1978; Matter of Natale, 527 S.W.2d 402 (Mo.App.1975); In re Reed, 584 S.W.2d 103 (Mo.App.1979). That is not an operative fact in such a proceeding, and testimony concerning paternity is not material to that proceeding. The court's finding of paternity in that action is entitled to no presumption of correctness. Nor can the action of the court in the change of name proceeding in ordering an amendment to Stacey's birth certificate to reflect respondent as the father be considered in this proceeding. The probative value of a delayed or altered certificate must be determined by the judicial official before whom it is offered. Secs. 193.235 and 193.255 RSMo.Cum.Supp.1984. Such a certificate issued pursuant to a court proceeding in which indispensable parties were not joined has no probative value.
The evidence necessary to bastardize Stacey must be so clear, cogent and convincing as to support no other conclusion than illegitimacy. Brown v. Brown, supra, [7]. The absence of the presumptive father and a guardian ad litem for Stacey obviated development of evidence meeting that test. The judgment of the trial court as to Stacey was beyond the jurisdiction of the court both because of the absence of subject matter jurisdiction under the motion to modify and because of the absence of indispensable parties.
The trial court did have jurisdiction of Lisa's custody. However, because of the improper determination of Stacey's custody, the Court could not and did not evaluate whether the best interests of Lisa would justify splitting the custody of the siblings. That is a consideration in determining Lisa's custody. Feese v. Feese, 613 S.W.2d 882 (Mo.App.1981) [3, 4]; Sec. 452.375.2(3) RSMo.Cum.Supp.1984.[1] The judgment modifying the custody of Lisa must be remanded for such evaluation.
The judgment of the trial court is reversed and the cause remanded with leave to respondent to amend his motion for modification to add a count for declaratory judgment of paternity and custody of Stacey and for further proceedings in accordance with this opinion.
SNYDER and SATZ, JJ., concur.
NOTES
[1] Petitioner's further point, that the trial court erred in denying her affirmative relief because she had not purged herself of contempt for keeping the children contrary to a temporary order of custody, should not arise upon remand. Upon return of the children through the action of the sheriff, petitioner's ability to purge herself of contempt terminated. While contemptuous behavior may be considered in assessing the fitness of a guardian, it cannot be utilized to deny a placement which is in the best interests of the child.