Turner **MISSKELLY** and Beatrice **Misskelly, Respondents,**

v.

George R. **ROGERS** and Flora M. **Rogers, Appellants.**

No. WD 38171.

Missouri Court of Appeals, Western District.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

David P. Macoubrie, Chillicothe, for appellants.

R. Max Humphreys, Trenton, for respondents.

Before SHANGLER, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Defendants, George and Flora Rogers, appeal from a judgment in a court-tried case awarding plaintiffs, Turner and Beatrice Misskelly, damages of $10,000 on their fraudulent misrepresentation claim and an additional $1,500 for attorney fees. Reversed.

In a court-tried case when the judgment is supported by substantial evidence, this court ordinarily is bound by the trial court's findings of fact, *Murphy v. Car-*
*ron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Southgate Bank and Trust Co. v. May,* 696 S.W.2d 515, 519 (Mo.App.1985), and they are as follows:

1. That defendant George R. Rogers and plaintiff Beatrice Misskelly are brother and sister.

2. That defendant, George R. Rogers had, prior to the events mentioned in plaintiffs' petition, handled certain business affairs for plaintiff Beatrice Misskelly involving rental property.

3. That on or about October 9, 1982, the defendant George R. Rogers purchased for the sum of $27,000.00 the following described real estate situate in Daviess County, Missouri, to-wit:

The south One Hundred and Thirty-two (132) feet of the East Ninety-five (95) feet of the West Half of Out Lot Fourteen (14) in the Original Town, now City of Gallatin, Daviess County, Missouri.

4. That the fair market value of said real estate on October 9, 1982, was $27,-000.00.

5. That defendant George R. Rogers, with the "permission and authority" of defendant Flora M. Rogers, represented to plaintiffs that the purchase price paid by defendants for said real estate was $37,000.00.

6. That the representations made by defendants to plaintiffs regarding the price plaintiffs [sic] [defendants] had paid for said real estate were false.

7. That defendants obviously knew such representations were false.

8. That defendants intended that plaintiffs rely on the false statements of purchase price by purchasing the real estate for $37,000.00.

9. That plaintiffs were ignorant of the true purchase price.

10. That plaintiffs relied on the false representations and were induced to purchase said real estate as a result of such false representations.

11. That plaintiffs sustained damage as a result of defendants' false represen-

tations in the sum of $10,000.00 and incurred attorneys' fees, which the court finds the reasonable amount thereof to be $1,500.00.

The trial court, in its conclusions of law, found that all the elements for a fraud were satisfied. Under Missouri law, the nine elements of fraud are:

> 1) a representation, 2) its falsity, 3) its materiality, 4) the speaker's knowledge of its falsity, or his ignorance of its truth, 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, 6) the hearer's ignorance of the falsity of the representation, 7) the hearer's reliance on the representation being true, 8) his right to rely thereon, and 9) the hearer's consequent and proximately caused injury.

*Sofka v. Thal,* 662 S.W.2d 502, 506 (Mo. banc 1983); *Mark Twain Plaza Bank v. Lowell H. Listrom,* 714 S.W.2d 859, 866 (Mo.App.1986). We now decide whether these elements were properly applied to the facts in this case recognizing that we are not bound by the trial court's conclusions as to the legal effect of the findings. *Kelly v. Maxwell,* 628 S.W.2d 931, 934 (Mo. App.1982).

Like the trial court, we believe the element central to plaintiffs' case is their "right to rely" on the alleged misrepresentation that plaintiffs could purchase the house for what defendants paid for it. Defendants paid $27,000 for the real estate at a public auction but sold it to the plaintiffs for $37,000. Defendants argue that they did not represent the property had a certain value and that "cost" is not determinative of value. Thus, according to defendants, plaintiffs were responsible for their own judgment as to value.

On this issue, the trial court found *Alexander v. Sagehorn,* 600 S.W.2d 198, 201 (Mo.App.1980), "sums up the law applicable to the instant facts...." The court in *Alexander v. Sagehorn, supra,* 600 S.W.2d 201, recognized that generally a statement concerning the value of property is merely an expression of opinion and is not to be relied upon. Under the facts of *Alexander v. Sagehorn, supra,* the court found this precept inapplicable where the "representing party has special knowledge and the other is ignorant in respect to the value which is known to the representing party...." We cannot make a similar distinction here.

■ The relationship between plaintiff Beatrice Misskelly and defendant George Rogers, the individuals who handled the details of the transaction, cannot be described as as confidential relationship in which a person in an inferior position relies on another of superior knowledge for guidance. *See Crane v. Centerre Bank of Columbia,* 691 S.W.2d 423, 428 (Mo.App. 1985); *see also Chmieleski v. City Products Corp.,* 660 S.W.2d 275, 295 (Mo.App. 1983). It is recognized that the obligations in a confidential relationship are akin to those in a fiduciary role. *Mahler v. Tieman,* 550 S.W.2d 623, 628 (Mo.App.1977). But those obligations cannot be imposed merely by showing the existence of blood ties or family connection. *Cave v. Cave,* 593 S.W.2d 592, 596 (Mo.App.1980). Neither does the evidence reveal the existence of an agency relationship which obligates an agent to full disclosure of all material facts strictly avoiding any misrepresentation and to act with utmost good faith in all transactions. *McKeehan v. Wittels,* 508 S.W.2d 277, 281 (Mo.App.1974). Both Beatrice and Turner Misskelly testified that defendant George Rogers was not their agent in any respect and did not have their permission to buy a house. That Mr. Rogers had, fifteen years prior, without compensation, cared for the Misskellys' rental property is not reflective of their current relationship and this evidence dims in light of their trial testimony.

■ Mrs. Misskelly had previously been involved with the purchase of two houses and testified she looked at other properties in Gallatin and Jamesport, Missouri, before the real estate purchase from the Rogers. She was not unfamiliar with the values of properties in the Gallatin area. With respect to the current transac-

tion, Mrs. Misskelly requested her son to take a look at the property to determine whether it was worth her time to fly from Chicago to look at it. Sometime after Mrs. Misskelly's son reported back to her, Mrs. Misskelly flew from Chicago to Gallatin to view the house to see if it was worth the asking price. In Missouri, when a party undertakes his own investigation, he is not allowed to rely on misrepresentations of another and is presumed to be guided by his own conclusions and judgments. *Consumers Cooperative Association v. McMahan,* 393 S.W.2d 552, 556 (Mo.1965).

Both plaintiffs and defendants point out that the representation concerning the property was to its "cost" rather than its "value" in support of their respective positions concerning liability. Reliance on a statement as to the "cost" of the property does not afford relief in the instant case. In *McCaw v. O'Malley,* 298 Mo. 401, 249 S.W. 41, 45 (Mo.1923), where the defendant asserted the defense of fraudulent misrepresentation as to "cost" in a real estate transaction on the plaintiff's claim of breach of contract, the court stated:

> The mere statement by the vendor of what an article cost him would not be regarded as a matter on which a vendee should rely where, as here, the vendee had an unrestricted opportunity to learn the actual value of the property, and where, as here, he actually undertook to ascertain such value.

*See also Orlann v. Laederich,* 338 Mo. 783, 92 S.W.2d 190, 197[11] (Mo.1936).

Thus, the trial court, in error, found the plaintiffs had met all the elements to establish fraud including the plaintiffs' "right to rely." The judgment therefore is reversed.

All concur.