**Simone ADAMS, a minor, by her next friend Rosa NORTHCUTT, and Rosa Northcutt, individually, Plaintiffs/Appellants,**

v.

**Dennis WILLIAMS, Defendant/Respondent.**

No. 61222.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 4, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 16, 1992.

Application to Transfer Denied
Oct. 27, 1992.

Ben N. Messina, St. Louis, for plaintiffs/appellants.

Mark H. Kruger, Randall B. Kahn, St. Louis, for defendant/respondent.

GRIMM, Presiding Judge.

On May 26, 1988, mother, individually and as next friend for her child, sued father pursuant to the Uniform Parentage Act (UPA), § 210.817 * et seq. She asked the court to determine paternity and fix child support and custody.

On December 8, 1988, the parties entered into a consent judgment. It declares (1) father is father of child, (2) mother receives custody, and (3) father is to pay $265.00 per month child support, retroactive to October 1, 1988.

The present action was filed on May 19, 1989. In it, mother, individually and as next friend for her child, sued father for back child support. The trial court ruled

* All statutory references are to RSMo (Cum.Supp. 1991), unless otherwise indicated.

that the first action barred the second under the principle of res judicata. Mother appeals; we affirm.

## I. Background

The first action was brought in three counts under the UPA. The first count alleged that child was born to mother on February 14, 1971 and was "sired" by father. It asked that he be declared father of child.

The second count alleged it was in the child's best interest that child remain in her custody. It asked that mother be awarded custody of child.

The third count alleged mother was without adequate funds to support child and father was employed and had assets. Further, it asked the court to order father to pay monthly child support "and such other sums as the Court deems reasonable."

The second action refers to the first lawsuit and the consent judgment. It seeks support from child's birth in 1971, up to the date of the consent judgment.

## II. Res Judicata

We first observe that mother's points do not comply with Rule 84.04(d). *See Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). Therefore, we consider her primary point *ex gratia.*

Mother contends that the first action is a distinct cause of action from the second. She argues the first is a statutory action for future child support, while the second is a common law action for reimbursement of past expenditures. Thus, she says, res judicata does not bar the past expenditure action.

The first action, which the trial court found barred the second action, was filed by an assistant prosecuting attorney of St. Louis County. The prosecutor could have included a count for reimbursement of past necessary support. We base this conclusion from our reading of §§ 210.841 and 210.828.

Section 210.841.3 provides the trial court's order may contain any provision "directed against the appropriate party to the proceeding concerning ... any matter in the best interest of the child. The judgment or order may direct the father to pay the reasonable expense of the mother's pregnancy and confinement." Further, § 210.841.4 speaks of the authority of the court to "limit the father's liability for past support of the child." Also, § 210.828 places a five year limit on a "parent's retroactive liability to another party for reimbursement of necessary support." These explicit references to "past support" and "retroactive liability" authorize an action for past child support under the UPA.

Our conclusion is supported by *Nettles v. Beckley,* 32 Wash.App. 606, 648 P.2d 508 (1982). Wash.Rev.Code § 26.26.130 is a portion of the Uniform Parentage Act adopted by the State of Washington in 1976. It contains language similar to § 210.841.4 which limits father's liability for past support. The *Nettles* court recognized this section "authorizes the court to award past child support." *Id.,* 648 P.2d at 510.

As in *Eugene Alper Constr. Co., Inc. v. Joe Garavelli's of West Port, Inc.,* 655 S.W.2d 132 (Mo.App.E.D.1983), the resolution of the issue before us involves "two closely related legal principles: splitting a cause of action and res judicata." There we said:

> A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the first suit is a bar to a second suit.... In general, the test for determining whether a cause of action is single and cannot be split is: (1) whether separate actions brought arise out of the same act, contract or transaction, (2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions.

*Id.* at 135.

Here, mother's first lawsuit involved a paternity, custody, and child support determination. Mother's second lawsuit, an action for past child support, clearly arises out of the same act or event as the first suit—the fathering of mother's child.

In support of her position that these are two distinct actions, mother relies on *Clark v. Routt,* 453 S.W.2d 656 (Mo.App.S.D. 1970). In that case, the mother sought a modification of her divorce decree. The original decree did not provide for child support because the court did not have jurisdiction to enter a support order. *Id.* at 656–57. The trial court awarded the mother back child support from the date of the original decree, as well as future child support.

The *Clark* court concluded the trial court erred in awarding back child support on a motion to modify. The proper proceeding, it held, was "an independent action against the father to recover the reasonable expenses she had incurred supporting them." *Id.* at 657.

*Clark* is not applicable. In *Clark*, mother obtained service by publication on father. As a result, the trial court had jurisdiction to grant the divorce and award child custody, but could not award a personal judgment against the father for child support. Thus, the mother was precluded from obtaining child support. The mother did not split her cause of action.

Here, unlike *Clark*, mother's first lawsuit was an action for paternity. She was not precluded from seeking past support. Rather, §§ 210.841.4 and 210.828 permitted her to seek "past support" and "necessary support."

Mother attempted to split her single cause of action into two lawsuits. Both lawsuits involved the same parties. Mother was aware of all the basic facts contained in the second lawsuit when she filed the first lawsuit. It was incumbent upon her, and her attorney, to plead all grounds, theories, and counts in the first lawsuit. *See Burke v. Doerflinger,* 663 S.W.2d 405, 407 (Mo.App.E.D.1983).

Upon entry of the consent judgment in the first lawsuit, all of mother's rights to remedies against father with respect to all or any part of the acts or events out of which the first action arose merged into that judgment. *See* Restatement (Second) of Judgments § 18 comment a and § 24 (1982). Thus, as Judge Crandall said in

*Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 212 (Mo.App.E.D. 1987), "the earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other matters which could properly have been raised and determined therein."

The trial court's judgment is affirmed.

CARL R. GAERTNER, J., concurs.
CRANDALL, J., dubitante.

