Karen Susan FORD, Appellant,

v.

James Roland FORD, Respondent.

No. 18690.

Missouri Court of Appeals,
Southern District.

Nov. 19, 1993.

Motion for Rehearing or to
Transfer Denied Dec. 13, 1993.

Application to Transfer Denied
Jan. 25, 1994.

Johnnie J. Burgess, Asst. Pros. Atty.,
Greene County, Springfield, for appellant.

Stephen L. Shepard, Springfield, for respondent.

CROW, Judge.

Karen Susan Ford ("Karen")[1] filed a "Petition for Reimbursement of Necessaries" against her ex-husband, James Roland Ford ("James"). He filed a motion to dismiss.[2] The trial court granted the motion. Karen appeals.

James maintains the trial court ruled correctly in that Karen's claim was barred by res judicata and collateral estoppel. Karen disagrees. The dispute requires an abbreviated account of the litigation.

August 2, 1988. Karen files petition for dissolution of marriage against James, whom she had wed December 27, 1979.

September 12, 1988. Karen files affidavit for service by publication on James, as efforts to obtain personal service had been futile.

September 15, 1988. Service by publication begins.

November 1, 1988. Karen appears in trial court with her lawyer. James, who has filed no responsive pleading within the time allowed, fails to appear. Trial court receives evidence and enters decree of dissolution of marriage. Decree awards Karen sole legal and physical custody of parties' three minor children. Decree also says: "... this Court makes no Orders regarding child support payable by ... James ... to ... Karen ... for the benefit of the minor children and retains jurisdiction to make any future Orders regarding child support."

February 1, 1991. Karen, represented by an assistant prosecuting attorney, files "Motion for Child Support" bearing case number of dissolution action. Motion prays trial court to order James to pay child support "retroactive to the date of the filing of the Petition for Dissolution of Marriage."

May 20, 1991. James is personally served in Oklahoma with summons and Karen's motion.

1. For convenience and clarity, we refer to the parties by their respective first names.

2. We learn this from the parties' briefs and the trial court's docket sheet. Inexplicably, the record on appeal filed by Karen—only a legal file, no transcript—contains no copy of James' motion.

November 25, 1991. Karen, her lawyer, James, and his lawyer appear in trial court. Court receives evidence and determines James shall pay Karen child support of $279.72 per month. Court invites parties to submit briefs on issue of "retroactive child support."

December 20, 1991. Trial court, by letter, informs parties:

> ... the Court concludes that it only has authority to order retroactive child support ... subsequent to the date of personal service. For that reason, the Court does order [James] to pay [Karen] child support retroactive to the date of service. [Karen] also argues that the Court should award [her] recovery for the value of the necessaries she furnished the minor [children] prior to the institution of the motion to modify.... Because this issue was not pleaded, the Court believes it does not have authority to render judgment for that amount.

January 23, 1992. Consistent with its conclusions of December 20, 1991, trial court enters "Order of Modification" commanding James to pay Karen child support of $279.72 per month, "retroactive to May 20, 1991."

February 5, 1992. Karen files petition referred to in first sentence of this opinion. It bears case number of dissolution action, and avers that between August 2, 1988, and May 20, 1991, Karen provided food, clothing, shelter, and medical care for the parties' three children. Petition asserts Karen has common law cause of action against James for reimbursement of expenditures for necessaries, and prays for $9,600.

August 17, 1992. James files motion to dismiss.

September 28, 1992. James requests, and receives, change of judge.

February 18, 1993. Docket entry: "[James'] Motion to Dismiss is granted."

The record supplied us yields no clue about the trial court's reason for dismissing Karen's petition. However, Karen's brief says James argued in the trial court that Karen's claim for necessaries "merged with [Karen's] prior actions, and [she] was now foreclosed from seeking reimbursement of her expenditures."

James, in his brief, relies on *Adams by Northcutt v. Williams,* 838 S.W.2d 71 (Mo. App.E.D.1992). There, the mother of a child sued the putative father on May 26, 1988, under the Uniform Parentage Act seeking a determination of paternity, child support, and custody. On December 8, 1988, the trial court entered a "consent judgment" declaring the putative father was the biological father, placing custody with the mother, and ordering the father to pay $265 per month child support, retroactive to October 1, 1988. *Id.* The following year, the mother sued the father for "back child support" from the child's birth in 1971 to the date of the consent judgment. *Id.* at 71–72. The trial court ruled the first action barred the second under the principle of res judicata. *Id.*

On appeal, the mother in *Adams* contended that the first suit was a statutory action for future child support, while the second was a common law action for reimbursement of past expenditures. *Id.* at 72. The Eastern District of this Court held the first suit could have included a count for reimbursement of past necessary support. *Id.* Quoting from *Eugene Alper Const. Co., Inc. v. Joe Garavelli's of West Port, Inc.,* 655 S.W.2d 132, 135 (Mo.App.E.D.1983), the Eastern District said in *Adams:*

> A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the first suit is a bar to a second suit.... In general, the test for determining whether a cause of action is single and cannot be split is: (1) whether separate actions brought arise out of the same act, contract or transaction, (2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions.

838 S.W.2d at 72.

Applying that test, the Eastern District's analysis in *Adams* was:

> [M]other's first lawsuit involved a paternity, custody, and child support determination. Mother's second lawsuit, an action for past child support, clearly arises out of

the same act or event as the first suit—the fathering of mother's child.

. . . .

Mother attempted to split her single cause of action into two lawsuits. Both lawsuits involved the same parties. Mother was aware of all the basic facts contained in the second lawsuit when she filed the first lawsuit. It was incumbent upon her, and her attorney, to plead all grounds, theories, and counts in the first lawsuit. . . .

Upon entry of the consent judgment in the first lawsuit, all of mother's rights to remedies against father with respect to all or any part of the acts or events out of which the first action arose merged into that judgment. . . . the earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other matters which could properly have been raised and determined therein.

838 S.W.2d at 72–73.

Karen maintains *Adams* does not apply here because her 1991 motion for child support was brought per § 452.370, RSMo Cum. Supp.1990. According to Karen, because of subsection 6 of that statute,[3] the trial court had no authority to award her child support for any period earlier than the date her motion was served on James (May 20, 1991). Consequently, reasons Karen, unlike the mother in *Adams*, she (Karen) has had no prior opportunity to present her claim for necessaries for the period from August 2, 1988, to May 20, 1991.

Apparently, Karen assumes her 1991 motion could not have properly included a separate count for reimbursement for necessaries. That is a flawed assumption.

In *L.M.K. v. D.E.K.*, 685 S.W.2d 614 (Mo. App.E.D.1985), a 1969 divorce decree awarded the mother custody of the only child of the marriage. The mother subsequently married another man and gave birth to a child in 1973. That marriage ended in dissolution. In 1982, the father of the first child moved to modify the 1969 decree, claiming he also

sired the second child. He sought custody of both. The trial court was so persuaded, and "modified" the decree by awarding the father primary custody of both children.

On appeal, the Eastern District of this Court held the trial court lacked jurisdiction to adjudicate paternity and custody of the second child in a proceeding to modify the 1969 decree. *Id.* at 616. That is because the second child had not been conceived when the decree was entered, hence her paternity and custody were not adjudicated by it. *Id.* However, said the opinion, there is no reason that a count for declaration of paternity and custody of the second child could not be joined with a count for modification of the custody provision in the decree regarding the first child. *Id.* at 616[5].

Given *L.M.K.'s* holding, we see no reason that Karen could not have added a count for necessaries to her 1991 motion. That motion sought an award of child support from the same man—for the same child—from whom Karen now seeks reimbursement for necessaries.

Therefore, even though the instant case differs procedurally from *Adams* (Karen's 1991 motion for child support, contrasted with the mother's Uniform Parentage Act petition in *Adams* ), we find no reason to depart from *Adams'* rationale. Indeed, Karen herself evidently considers her present claim to be an adjunct of the dissolution proceeding. As reported earlier, her present petition bears the case number of the dissolution action.

Consistent with *Adams*, we hold Karen's failure to include a count for necessaries in her 1991 motion bars her from pursuing such claim now.

*Clark v. Routt*, 453 S.W.2d 656 (Mo.App. 1970), cited by Karen, does not aid her. There, as here, the husband could not be found for service of process when the wife filed her petition for divorce. As a result, he was served by publication. The decree awarded the wife custody of the parties' minor children, but no child support because

---

**3.** Section 452.370.6, RSMo Cum.Supp.1990, reads, in pertinent part: ". . . The order may be modified only as to support or maintenance installments which accrued subsequent to the date of personal service. . . ."

the court lacked jurisdiction to do so. Later, the ex-wife filed a motion to modify the decree by awarding her child support, together with a common law action for reimbursement for her expenditures for necessaries for the children. The ex-husband was personally served, and the causes were consolidated for trial. The trial court entered a money judgment against the ex-husband in the common law action, and modified the divorce decree by ordering the ex-husband to pay child support retroactive to the month immediately following entry of the decree.

The ex-husband did not appeal the money judgment for necessaries. However, he did appeal the modification order, arguing the trial court lacked authority to make the child support retroactive. Applying the law as it then existed, the appellate court agreed and reversed the portion of the modification order awarding retroactive child support. The award of prospective child support was affirmed.

*Clark* illustrates the proposition that where a mother incurs expenses for necessaries for her child at a time when no court has jurisdiction to award her child support from the father, her remedy against the father when the court acquires jurisdiction over him is a common law action to recover her past expenditures, together with a proceeding to obtain an award of child support. *Clark* does not hold that once a mother obtains an award of child support from the father, she can afterward sue him for recovery of her past expenditures for necessaries. That issue did not arise in *Clark*, as the mother sued for necessaries simultaneously with her motion to modify.

Finding *Adams,* 838 S.W.2d 71, controlling, we affirm the trial court's order of dismissal.

FLANIGAN, P.J., and PREWITT, J., concur.