**Lee Roy ESTES, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–98–150–CR**

Court of Appeals of Texas,
Fort Worth.

Feb. 4, 1999.

Mark E. Stephens, Haltom City, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Leslie Hardy, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

In a single point on appeal, Appellant Lee Roy Estes complains of ineffective assistance of counsel. Because we find no evidence that Appellant's trial counsel was ineffective, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 1984, Appellant entered an agreed plea of guilty to the offense of rape. Pursuant to the plea bargain agreement, the trial court assessed punishment at eight years' confinement in the Texas Department of Corrections.[1] The trial judge suspended imposition of the sentence and placed Appellant on probation for eight years.

On July 11, 1984, the State filed a petition to revoke Appellant's probation. The trial court dismissed the State's petition and amended Appellant's conditions of probation, requiring Appellant to participate in the Tarrant County Adult Probation Department's Intensive Drug Abuse Program and to reside at and remain in the custody of the Vernon Drug Abuse Program. On September 11, 1985, the State filed another petition to revoke Appellant's probation, alleging that he left the Court Residential Center on August 24, 1985, and failed to return. Two arrest warrants issued, the first on August 27, 1985, and the second on September 11, 1985. Both

arrest warrants indicate that Appellant was arrested in Brandon, Mississippi. We have found no record that extradition proceedings occurred.

On April 22, 1992, the State filed a first amended second petition to revoke Appellant's probation, alleging Appellant's failure to report to his probation officer from September 1985 through March 1992 and other violations of his conditions of probation. A warrant again issued on April 22, 1992, and the trial judge expanded the scope of the warrant from TCIC to NCIC systems and authorized extradition on September 3, 1996. The warrant was finally returned as executed on September 30, 1997, indicating that Appellant had been arrested. The trial judge referred Appellant's case to a magistrate on October 6, 1997.

On February 9, 1998, Appellant entered an open plea of "true" to each and every allegation in the State's first amended second petition to revoke his probation. Appellant also signed a statement assuring the trial court that he had read and understood all of the allegations in the petition to revoke his probation, that he was mentally competent, that his plea was freely and voluntarily entered, that he waived his right to have a court reporter make a record of the proceedings, and that he was totally satisfied with the representation given by his counsel, who was not court-appointed. The trial court accepted his plea and sentenced him to eight years' confinement.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant now brings a single point on appeal, complaining of ineffective assistance of trial counsel for "failing to request a dismissal or object to the revocation proceedings based on the State's lack of due diligence." The complaint of ineffective assistance of counsel is a serious accusation against any attorney. It is not an accusation that should be made lightly.[2] It is

1. The Texas Department of Corrections is now referred to as the Texas Department of Criminal Justice, Institutional Division.

2. We do not suggest that this court-appointed appellate attorney now makes this accusation lightly or without long and serious deliberation. Indeed, we assume appellate counsel is acting in accordance with the highest traditions of our

certainly not an accusation that should be lodged simply because it imposes a less onerous burden on Appellant than that imposed by the obligations of an *Anders* brief.[3] The complaint of ineffective assistance of counsel strikes at both the competence and integrity of the targeted attorney.

The standard for appellate review of effectiveness of counsel at the guilt-innocence phase of a noncapital trial was set out in *Strickland v. Washington*[4] and adopted by the court of criminal appeals in *Hernandez v. State*.[5] Appellant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, Appellant must show that his counsel's performance was deficient; second, he must show the deficient performance prejudiced the defense.[6]

The first component is met by showing Appellant's trial counsel made errors so significant he was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution.[7] The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.[8]

A defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[9] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[10] "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[11] Allegations of ineffective assistance of counsel must be firmly founded in the record.[12]

We have no record before us except the Clerk's Record.[13] We therefore have no knowledge of whether trial counsel objected to the proceeding, whether the trial judge considered the length of time between warrant and arrest, or even what arguments trial counsel made to the trial judge. The record does reflect that the arrest warrant issued before Appellant's probationary term expired and was placed first on TCIC and then on NCIC systems. We note that Appellant had previously fled to Mississippi, but the record is silent regarding what happened when Appellant was arrested there.

## HOLDING

We hold that Appellant has wholly failed to satisfy his burden under either prong of *Strickland.* We therefore overrule Appellant's sole point on appeal and affirm the judgment of the trial court.

---

profession in protecting the rights of Appellant with due consideration for his position as an officer of the court and commitment to the standards of integrity those traditions demand.

3. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

4. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5. *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim.App.1986). *See Ex parte Menchaca,* 854 S.W.2d 128, 131 (Tex.Crim.App.1993).

6. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

7. *See id.*

8. *See id.*

9. *See id.* at 694, 104 S.Ct. at 2068.

10. *See id.*

11. *Id.* at 690, 104 S.Ct. at 2066.

12. *See Hawkins v. State,* 660 S.W.2d 65, 75 (Tex. Crim.App.1983).

13. Appellant waived his right to have a court reporter make a record of the court proceeding when he signed the "Written Plea Admonishment On Petition To Revoke Probation Or To Proceed To Adjudication."