Julie Lynn HORWITZ, Appellant,

v.

Todd Alexander HORWITZ,
Respondent.

No. ED 75504.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 11, 2000.

Application for Transfer Denied
May 30, 2000.

Mark G. Arnold, St. Louis, for appellant.

Dean R. Gallego, Clayton, for respondent.

LAWRENCE E. MOONEY, Judge.

Julie L. Horwitz, ("Wife") appeals the dismissal of her tort claims and claim for

necessaries ("Tort Claims")[1] against her ex-husband Todd A. Horwitz, ("Husband"), stemming from the couple's seven-year marriage. Wife contends that the trial court erred in dismissing her Petition on grounds of res judicata/collateral estoppel because: (1) hearing Husband's dissolution action prior to Wife's Tort Claims deprived Wife of her right to a jury trial; (2) Wife's Tort Claims are not the same causes of action as Husband's dissolution case; and (3) collateral estoppel does not bar Wife's separate Tort Claims in that the trial court's findings in the dissolution case were neither necessary to that judgment nor inconsistent with her Tort Claims. Alternatively, Wife argues that the trial court erred in dismissing her lawsuit for failure to state a claim upon which relief may be granted, because Counts I, III, IV, V, and VIII of her petition allege the essential elements of the respective claims pleaded. We affirm.

*Facts*

Husband and Wife were married on August 27, 1989, and lived together in St. Louis County, where they raised their two children. During their marriage, Husband attended and completed medical school, becoming a board-certified physician in internal medicine. Wife's parents made substantial monetary gifts to the couple while Husband completed medical school, and such funds were placed in joint bank accounts giving both parties equal access to the monies. In late March 1994, less than one month before Husband filed for divorce, he withdrew $78,121.75 from these accounts and transferred the money to a new joint account under his name and his mother's name. Wife was unaware of this transaction.

Husband filed a Petition for Dissolution of Marriage ("Dissolution Petition") on April 7, 1994, alleging the marriage was irretrievably broken and that there was no reasonable likelihood that it could be preserved. However, Husband did not have Wife immediately served with the Dissolution Petition, but instead instructed the clerk and sheriff to hold service. Two months later, during June 1994, Husband informed Wife that he had accepted a cardiologist position in Florida, and the couple argued over the issue of relocation. According to Wife, at that time Husband informed Wife that he had filed for divorce; Husband moved out of the marital residence on June 17, 1994.

Wife later filed a lawsuit against Husband alleging the following Tort Claims: Count I, breach of confidential or fiduciary relationship by deception and fraud; Count II, battery; Count III, recovery of necessary expenses; Count IV, intentional infliction of emotional distress; and Count, V, negligent infliction of emotional distress. Wife later filed an Amended Petition, adding Count VI, violation of Missouri Wiretap Law; Count VII, violation of Federal Wiretap Act; Count VIII, private nuisance; and Count IX, invasion of privacy.

Approximately fourteen months after initially filing the Dissolution Petition, Wife was served. Wife filed a counterclaim for dissolution of marriage, requesting spousal maintenance, sole physical and legal custody of the couple's two children, and child support from Husband.

Husband sought joinder of the dissolution action with Wife's Tort Claims. Despite Wife's opposition to joinder, the trial court granted Husband's motion to join and conducted a bench trial in the dissolution case.

The trial court issued a judgment/decree of dissolution in December 1996, making detailed findings of facts regarding the couple's marriage. Husband then filed a motion to dismiss Wife's Tort Claims on the grounds of res judicata, collateral es-

---

1. For purposes of this appeal, we collectively refer to Wife's claim for necessaries and tort claims as "Tort Claims."

toppel and failure to state a claim upon which relief may be granted. The trial court, taking judicial notice of the record and judgment in the dissolution, granted Husband's motion and dismissed Wife's Tort Claims. Wife appealed, but this court dismissed that appeal because the trial court had not entered a final appealable judgment in that the order was not denominated a judgment in compliance with Rule 74.01(a). *T.A.H. v. J.L.H.*, 969 S.W.2d 338 (Mo.App. E.D.1998).

On remand, Husband again filed a motion to dismiss, asking the court to take judicial notice of the findings in the dissolution case. The trial court did so and issued an order denominated "Judgment" sustaining Husband's motion to dismiss without specifying the grounds for its ruling. Wife subsequently filed this timely appeal.

### Analysis

■ In his motion to dismiss, Husband requested the trial court take judicial notice of the record and its findings of facts and conclusions in the dissolution matter, and the trial court expressly stated in its judgment on Husband's motion to dismiss that it would do so. Therefore, we will treat the trial court's grant of Husband's motion to dismiss as a motion for summary judgment as the trial court considered matters outside the pleadings when rendering its judgment on the matter. Rule 55.27; *Wehmeier v. Triplett and Kaller*, 741 S.W.2d 732 (Mo.App.E.D.1987).

Appellate review of the propriety of summary judgment is de novo. *Easy Returns Midwest, Inc. v. Schultz*, 964 S.W.2d 450, 453 (Mo.App. E.D.1998). Summary judgment will be affirmed if the reviewing court determines that no genuine issue of material fact exists and the movant has a right to judgment as a matter of law. *Gladis v. Rooney*, 999 S.W.2d 288, 289 (Mo.App. E.D.1999). Viewing the record in the light most favorable to Wife, we now turn to her allegations of error on appeal.

■ Wife's first complaint is that the trial court erred in hearing Husband's dissolution case before her Tort Claims, in that such sequencing deprived Wife of her right to a jury trial.

However, our review of the legal file fails to disclose any record of the trial court being explicitly asked to rule on Wife's sequencing argument. While Wife may have objected to the sequencing of the two trials in her Memorandum in Opposition to Defendant's Motion to Join, the record fails to disclose evidence of an express ruling by the trial court on this issue. Allegations of error that have not been presented to or expressly decided by the trial court shall not be considered on appeal. Section 512.160 RSMo. (1994). Therefore, the issue presented is not properly preserved for appellate review.

■ Wife next argues, in separate points relied on, that the trial court erred in dismissing her Tort Claims because neither res judicata nor collateral estoppel bars her causes of action, nor does she fail to state a claim upon which relief could be granted. Again, the trial court dismissed Wife's Tort Claims without specifying the grounds on which it was doing so. When the trial court fails to specify its reasons for dismissing a petition, we presume the trial court acted for one of the reasons stated in the motion to dismiss. *Shores v. Express Lending Services, Inc.*, 998 S.W.2d 122, 125 (Mo.App. E.D.1999). "In addition, we will affirm the order of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground." *Id., quoting City of Chesterfield v. Deshetler Homes, Inc.*, 938 S.W.2d 671, 673 (Mo.App. E.D.1997).

Because Husband argued in his motion to dismiss that Wife's Tort Claims are barred by res judicata, collateral estoppel or failure to state a claim, we will affirm the trial court's judgment if Wife's claims should have been dismissed for any reason. Accordingly, we must examine each claim in turn to determine whether it is barred for any reason.

*Breach of Fiduciary Duty*

In order to state a claim for breach of fiduciary duty, both the existence of a confidential or fiduciary relationship between husband and wife and a breach of such relationship must be shown. *Mahler v. Tieman*, 550 S.W.2d 623, 628 (Mo.App. E.D.1977); BOGERT ON TRUSTS, section 498, p. 268–269. A confidential or fiduciary relationship exists when a special confidence is reposed in one party and there is resulting domination of or influence on the other party. *Fix v. Fix*, 847 S.W.2d 762, 765 (Mo. banc 1993). A confidential, or fiduciary, relationship is not proven merely by a showing that the persons have ties of blood or family. *Misskelly v. Rogers*, 721 S.W.2d 170, 172 (Mo.App. W.D.1986). Under Missouri law, the primary question is whether one family member has dominion over the other family member in regard to the transaction involved. *Fix*, 847 S.W.2d at 766, *citing Misskelly*, 721 S.W.2d at 172.

Wife alleges that Husband owed her a fiduciary duty in two respects, one arising from the marital relationship and his failure to disclose the filing of his Dissolution Petition, and another because she had entrusted him with money intended for the purchase of a home, money which Husband removed from family bank accounts.

With respect to her first claim, Wife cites us to no cases establishing a spouse's duty to disclose the filing of a dissolution petition. In fact, Wife provides only one citation for the proposition that failure to disclose material facts is a breach of fiduciary duty. *See McKeehan v. Wittels*, 508 S.W.2d 277 (Mo.App. E.D. 1974). In *McKeehan*, the court was presented with a fiduciary relationship between principal and agent, and stated that the existence of such relationship "obligates the agent to make a complete and full disclosure of all material facts concerning the transaction which might affect the principal's decision regarding his or her investments." *Id.*, at 281. Surely, an agent's duty to disclose material facts re-

garding a principal's investments does not mandate a Husband's duty to disclose the filing of a divorce petition.

Wife also claims Husband owed her a fiduciary duty as to funds held in joint bank accounts. Sections 362.470(1) and 369.174(1) RSMo. (1994) state in pertinent part that when an account is maintained in the names of two or more persons as joint tenants, such monies become the property of the persons as joint tenants and may be paid to any one of such persons during his lifetime. Wife has not claimed that Husband made any misrepresentation regarding the family bank accounts, nor has she alleged that she had the sole right to the money contained in the joint accounts. She has, however, claimed Husband violated an oral agreement that the money be used for the purchase of a family home. Such an agreement might support a claim for breach of fiduciary duty justifying the imposition of a constructive trust as to the proceeds. *Wilber v. Wilber*, 312 S.W.2d 86, 90 (Mo.1958).

Therefore, we will consider whether the trial court erred in dismissing Wife's breach of fiduciary duty claim with respect to the removal of family monies from the joint bank accounts on the grounds of collateral estoppel. In determining whether a claim is barred by collateral estoppel, we consider four factors: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate in the prior suit. *Meckfessel v. Fred Weber, Inc.*, 901 S.W.2d 335, 339 (Mo.App. E.D.1995).

Wife presented evidence in the dissolution action that Husband removed $78,121.75 from the couple's joint bank ac-

counts, which the trial court concluded was not marital misconduct as such money was available for either party to withdraw. Instead, the trial court simply attributed the above stated sum to Husband as marital property. Secondly, Husband's dissolution action was heard and ruled upon by the court, resulting in a judgment on the merits. Further, Wife was a party to the dissolution action. Finally, we find no evidence in the record that Wife did not have a full and fair opportunity to litigate the dissolution action. Accordingly, we find that the trial court correctly dismissed Wife's breach of fiduciary duty claim on collateral estoppel grounds.

### Claim for Necessaries

■ We also disagree with Wife's contention that the trial court erred in dismissing her separate claim for necessaries, as we conclude such claim is also barred. Wife's claim for necessaries should have been joined and tried with her counterclaim for dissolution of marriage. Her counterclaim sought an award of spousal maintenance and child support from the same man from whom Wife now seeks reimbursement for necessaries.

■ The resolution of the issue before us involves "two closely related legal principles: splitting a cause of action and res judicata. *Adams by Northcutt v. Williams*, 838 S.W.2d 71, 72 (Mo.App. E.D.1992), *citing Eugene Alper Constr. Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 135 (Mo.App. E.D. 1983). As we have previously said:

A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the first suit is a bar to the second suit.... In general, the test for determining whether a cause of action is single and cannot be split is: (1) whether the separate actions brought arise out of the same act, contract or transaction; (2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions.

*Id.*

Wife has clearly attempted to split her cause of action into two lawsuits. Wife's counterclaim for dissolution of marriage against Husband involves the issues of spousal maintenance, custody and child support, while her second civil lawsuit involves an action to recover necessaries expended to support herself and the children. Both arise out of the same acts or events, the marriage of Husband and Wife and the fathering of Wife's children.

Moreover, both lawsuits involve the same parties, and Wife was aware of all the basic facts contained in the second lawsuit when she filed her counterclaim for dissolution. Therefore, it was incumbent upon her to plead all grounds, theories and counts in her first lawsuit. *Ford v. Ford*, 867 S.W.2d 639, 640–41 (Mo.App. S.D. 1993), *citing Adams by Northcutt*, 838 S.W.2d at 72–73. Upon entry of the judgment in the dissolution action, all of Wife's rights to remedies against Husband with respect to all or any part of the acts or events out of which the first action arose merged into that judgment. *See* RESTATEMENT (SECOND) OF JUDGMENTS, section 18 comment a, and section 24 (1982). As such, we find the trial court did not err in dismissing Wife's claim for necessaries.

### Remaining Tort Claims

■ Wife also alleged seven other tort claims in her Petition, including battery, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of Missouri Wiretap Law, violation of Federal Wiretap Act, private nuisance, and invasion of privacy. Wife presents only two pages of argument in a forty-nine page brief in support of her contention that the trial court erred in dismissing these remaining seven counts on the grounds of res judicata or collateral estoppel.

■ Rule 84.13(a) states in relevant part that allegations of error not briefed or not properly briefed shall not be consid-

ered in any civil appeal. "An appellant must develop the contention raised in the point relied on in the argument section of the brief." *Nixon v. Lichtenstein,* 959 S.W.2d 854, 860 (Mo.App. E.D.1997), *citing Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App.E.D.1996). If a party does not support such contentions with relevant authority or argument beyond conclusory statements, the point is considered abandoned. *Id.* With respect to Wife's remaining seven counts, she has failed to meet the requisite standard.

In support of her argument, Wife relies primarily on *S.A.V. v. K.G.V.,* 708 S.W.2d 651, 653 (Mo. banc 1986) for the proposition that res judicata does not bar a subsequent tort action because "there are distinct differences between the division of marital property between spouses and awards of damage for an injury." However, in that case the parties did not even raise the issue of whether res judicata would bar subsequent tort claims similar to Wife's, nor does the Supreme Court expressly address the issue. Appellant fails to cite this Court to any cases to support her proposition that res judicata does not bar the specific tort claims she has brought against Husband. Instead, she merely cites two cases, *Wood v. Wood,* 716 S.W.2d 491 (Mo.App. S.D.1986) and *Nebbitt v. Nebbitt,* 589 S.W.2d 297, 300 (Mo. banc 1979), dealing with a wife's action for fraud and conversion, which are two claims Wife has not alleged here.

Wife's argument in support of her position that collateral estoppel does not bar her tort claims is equally cursory and lacking in legal citations. As such, we find all of Wife's arguments with respect to her seven remaining tort claims abandoned.

The judgment of dismissal is affirmed.

PAUL J. SIMON, P.J., and KATHIANNE KNAUP CRANE, J., concur.