Elena **ONUFRIYEV**, Plaintiff–Appellant,

v.

Carole **GEDDES**, Respondent.

Nos. ED 85939, ED 85940.

Missouri Court of Appeals, Eastern District, Division Three.

April 18, 2006.

---

1. All rule references are to Mo. Rules Crim. P.2004, unless otherwise indicated.

Elena Onufriyev, Manchester, MO, pro se appellant.

Amber L. Kemp, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The plaintiff, Elena Onufriyev, appeals the judgment of the Circuit Court of the City of St. Louis dismissing without prejudice, pursuant to settlement, the personal-injury claims for her and her two minor children.[1] The defendant, Carole Geddes, has filed a motion to dismiss the appeal, which we hereby grant. We dismiss the appeal for failure to comply with Supreme Court Rules 84.04(d) and 84.13(a).

### Factual Background

The plaintiff, her husband, and their two minor children sued the defendant seeking damages for injuries sustained when the defendant's vehicle struck the rear of the plaintiff's vehicle. The plaintiff signed a written settlement agreement as to her claims and as next friend for her children's claims.[2] At the hearing for court approval of the children's settlement, however, the plaintiff refused to proceed. The court approved the children's settlement nonetheless, and ultimately entered judgment dismissing the cause without prejudice as to all parties pursuant to settlement and stipulation. The plaintiff appealed, *pro se,* and complains in two points that her legal counsel was incompetent and the judge disregarded her medical condition.

### Discussion

*Pro se* appellants are held to the same standards as attorneys and must comply with rules of appellate procedure. *Davis v. Coleman,* 93 S.W.3d 742, 742 (Mo. App. E.D.2002). Failure to comply constitutes grounds for dismissal. *Id.* at 742–43. Rule 84.04(d) requires that a point relied on identify the challenged trial-court ruling or action, state concisely the legal reasons for the appellant's claim of reversible error, and explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *Snyder v. Snyder,* 142 S.W.3d 780, 782–83 (Mo.App. E.D.2004) (per curiam). Failure to follow Rule 84.04 can result in failure to preserve anything for appellate review. *Davis,* 93 S.W.3d at 743. Here, the plaintiff fails to identify any challenged

---

1. The plaintiff filed appeal number ED85939 followed by appeal number ED85940 prior to the trial court's formal entry of final judgment disposing of the cause as to all parties. Pursuant to Supreme Court Rule 81.05(b), however, a prematurely filed notice of appeal shall be considered as filed immediately after the time the judgment becomes final for appeal purposes. The two appeals were consolidated as ED85939.

2. Plaintiff's husband apparently settled his claim, and is not a party to this appeal.

trial-court ruling or action. Thus, we are left with no allegation of trial-court error to examine.

■ Furthermore, the plaintiff preserves nothing for appeal in that she has neither properly briefed any allegation of error nor developed any argument supported by legal authority. Rule 84.13(a) provides in relevant part that allegations of error not briefed or not properly briefed shall not be considered in any civil appeal. *Horwitz v. Horwitz,* 16 S.W.3d 599, 604–05 (Mo.App. E.D.2000). To be properly briefed, an appellant must develop the contention raised in the point relied on in the argument section of the brief. *Horwitz,* 16 S.W.3d at 605. If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned. *Id.* In this case, the plaintiff simply states that the defendant was negligent and the plaintiff's attorneys performed poorly.

The plaintiff's points relied on challenge no trial-court ruling or action, in violation of Rule 84.04(d), and her brief contains no argument supported by relevant legal authority, in violation of Rule 84.13(a). Thus, the plaintiff preserves nothing for appellate review, leaving this Court without jurisdiction. Appeal dismissed.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.