[No. A080711. First Dist., Div. Four. Apr. 19, 1999.]

NAOMI SOSNICK, Plaintiff and Appellant, v.
ROBERT SOSNICK, Defendant and Respondent.

In re the Marriage of NAOMI and ROBERT SOSNICK.
NAOMI SOSNICK, Respondent, v.
ROBERT SOSNICK, Respondent.

**COUNSEL**

Williams & Martinet and Leonard J. Martinet for Plaintiff and Appellant.

Charles A. Brigham for Defendant and Respondent.

OPINION

**REARDON, J.**—Appellant Naomi Sosnick sued her ex-husband for damages for assault and battery after entry of final judgment in their dissolution action. Consolidating the tort case with the closed family law case, the superior court, sitting as the family law department, purported to grant summary judgment in favor of respondent Robert Sosnick. Because the court had no authority to act as it did, we reverse the judgment.

## I. BACKGROUND

### A. *Marital Dissolution Proceeding*

Appellant petitioned for dissolution of marriage in October 1991. At that time she also applied for residence exclusion based, among other things, on an alleged episode of domestic violence occurring on July 12, 1991. Appellant alleged that on that date she received emergency treatment for injuries she sustained after respondent beat her.

On February 1, 1994, the parties participated in a day-long mediation session with Richard Berra. They reached an agreement on division of property and, along with their respective attorneys, signed a two-page handwritten document reflecting that agreement. The last paragraph—item number 9—was initialed by each party and the attorneys. It stated: "All Rest to Husband + waive claims."

Respondent moved to enter judgment pursuant to Code of Civil Procedure section 664.6.[1] Berra submitted a declaration explaining that item number 9 "was intended to embrace any and all claims of either party, and had the effect of being a complete, global settlement. [¶] . . . Included in the issues discussed by Petitioner was that Respondent should be liable for Petitioner's continuing out-of-pocket medical expenses based upon unspecified conduct of Respondent which allegedly was the cause of Petitioner's infirmities. In any case, in this case Mr. Sosnick acquiesced in most of Mrs. Sosnick's demands, but entirely upon condition that all Petitioner's claims, of whatever nature, would be fully and finally resolved by this settlement." (Original underscore.)

In the course of hearing the section 664.6 motion, appellant's attorney contended that "certain tort claims . . . were not the subject of the mediation

---

[1]This statute reads in part: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court . . . , for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

discussions" and thus were not covered by the agreement. Ultimately the trial court appointed Berra as a special master to determine the proper form of judgment incorporating the February 1 agreement. Berra submitted his report with a recommended form of judgment. Appellant objected to the proposed judgment, urging that she did not agree to release any claims that could support a tort action against respondent.

The court entered judgment in December 1995. The judgment states that it is entered pursuant to, and with the intent to formalize, the February 1 agreement "and cause it to become the Judgment . . . under . . . sec. 664.6 . . . ." The judgment includes an assumption of the risk of all claims "heretofore or hereafter known or unknown arising from their marriage," coupled with a waiver and release of "any right or claim against the other arising out of or in connection with the marriage . . . ."

Appellant did not appeal that judgment. She maintains she relied on the judge's oral assurance that the decree in the marital dissolution would not cover or preclude a claim for damages for assault and battery.[2]

## B. *Civil Action for Assault and Battery*

Appellant filed a civil action for assault and battery against respondent on January 30, 1997. The complaint refers to the July 12, 1991, incident, as well as a course of abuse throughout the marriage. Appellant also alleged that, by reason of respondent's wrongful acts, she had been disabled within the meaning of section 352[3] at the time of accrual of the cause and up until commencement of the instant suit.

Respondent asserted the statute of limitations and res judicata as affirmative defenses. He also moved to consolidate the tort case with the dissolution proceeding, filing his motion in the family law department and on family law forms. Over appellant's objections, the court ordered the cases consolidated.

Still in the family law department and using family law forms, respondent then moved for summary judgment. He did not file a statement of undisputed facts. (§ 437c, subd. (b).) The trial court concluded that although appellant's mental competence had not been established, the release barred the tort action. It explained: "Naomi and Robert entered into a binding and all-inclusive marital settlement agreement on February 1, 1994, by which, for good and valuable consideration Naomi and Robert exchanged full and final

---

[2]Appellant does not produce a transcript of this conversation. The only reference to it occurs in her attorney's declaration in the present action. There he attests to a "specific recollection" of such conversation, either during an in-court or telephonic hearing.

[3]This statute provides for tolling of the statute of limitation for various claims, including civil assault and battery, during the time of plaintiff's minority or insanity.

releases of all claims, each waiving in the process the effect of Civil Code section 1542." (Underscore omitted.) The court also ordered appellant to pay respondent $3,000 in attorney fees. This appeal followed.

## II. Discussion

 Appellant's first argument is her best. She urges that consolidation was "inappropriate" because there was nothing pending in the marital dissolution. Consolidation was more than inappropriate—the court exceeded its jurisdiction in granting the motion and thereafter entertaining and ruling on the summary judgment motion.

The superior court's jurisdiction in domestic relations cases is limited. It has authority "to inquire into and render any judgment and make orders that are appropriate" concerning marital status; custody; child and spousal support; settlement of property rights; and attorney fees and costs. (Fam. Code, § 2010.)[4] Rule 1212 of the California Rules of Court in turn limits the relief the parties to a dissolution proceeding can obtain: "Neither party to the proceeding may assert against the other party or any other person any cause of action or claim for relief other than for the relief provided in these rules or the Family Code."

Given finite family law jurisdiction, a tort action claiming damages cannot be joined with or pleaded in a dissolution proceeding. However, a tort claim can be *consolidated* with a *pending* dissolution action under suitable circumstances. (See *In re Marriage of McNeill* (1984) 160 Cal.App.3d 548, 557 [206 Cal.Rptr. 641], overruled on other grounds in *In re Marriage of Fabian* (1986) 41 Cal.3d 440, 451, fn. 13 [224 Cal.Rptr. 333, 715 P.2d 253].) Section 1048 provides the authority for consolidation: "When actions involving a common question of law or fact *are pending* before the court, it may order a joint hearing or trial of *any or all the matters in issue* in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." (*Id.*, subd., (a), italics added.)

In the present case there were *no* questions of law or fact pending before the court in the dissolution action. No matters were in issue because judgment had been entered and was final, with no appeal taken. That respondent asserted the judgment in the dissolution proceeding as a complete defense to the tort action does not breathe new life into the earlier proceeding. The

---

[4]Other provisions in the Family Code supplement this general grant of jurisdiction with power to act in particular situations, none of which are pertinent to this appeal. (See, e.g., Fam. Code, §§ 2045, 2047 [protective orders]; *id.*, § 2021 [joinder of third parties]; *id.*, § 290 [enforcement of judgments or orders].)

defense is part and parcel of the tort action, not a separate pending action for purposes of section 1048.

The court acted outside its jurisdiction in consolidating the civil action with the dissolution action because *nothing* was pending therein. Lacking authority to consolidate, there was no jurisdictional hook upon which the court, sitting in family law, could hang a summary judgment decision in the tort case.

■ Though a court has jurisdiction over the subject matter and the parties, it may lack power to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of procedural prerequisites. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) Any act which exceeds the defined power of a court in a given instance, whether that power is defined by constitution, statute, or decisional law, is in excess of the court's jurisdiction. (*Id.* at p. 291.) Actions which are in excess of a court's jurisdiction are voidable if properly challenged by a party. (*Conservatorship of O'Connor* (1996) 48 Cal.App.4th 1076, 1088 [56 Cal.Rptr.2d 386].)

■ Appellant properly challenged the court's power to act at every conceivable opportunity. She questioned the court's authority to "reopen" the closed family law matter in order to consolidate it with the tort action. She opposed summary judgment on the ground the motion must be heard in law and motion, not the family law department. Shortly thereafter appellant moved for reconsideration of the consolidation order, making it clear that she did not "consent" to having the summary judgment motion heard by the family law department, and pointing out that it had no jurisdiction over a civil action for damages.

The order consolidating the pending civil action with a closed family law matter was beyond the court's jurisdiction. There being no pending family law matter, the court had no power to determine the motion for summary judgment in appellant's personal injury case.

We reverse the judgment and the award of attorney fees. Respondent's motion for sanctions is denied.

Hanlon, P. J., and Poché, J., concurred.