**J.B. ALLEN, INC., Appellant,**

v.

**Trisha Lynn PEARSON, Respondent.**

**No. ED 77680.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 14, 2000.

---

1. All statutory references are to RSMo (1994), unless otherwise indicated.

promissory note claiming: (1) it was improper to raise and determine a suretyship defense by a motion to dismiss and to consider matters outside of the pleadings when ruling on the motion to dismiss; (2) the trial court erred in treating Trisha Pearson's motion to dismiss as a motion for summary judgment in that the trial court failed to give J.B. Allen the requisite notice of its treatment as such and did not allow time to present additional evidence to respond to Trisha Pearson's motion; and (3) there are genuine issues of material fact precluding judgment as a matter of law. We reverse and remand.

J.B. Allen sold a Mailboxes, Etc. franchise, including equipment, inventory, and receivables to Pearson, Inc. On November 27, 1995, the parties executed a promissory note for $47,500 in connection with the sale. Four people signed the promissory note: Herby Pearson, in his capacity as President of Pearson, Inc. and as "Guarantor"; Trisha Pearson, in her capacity as Secretary of Pearson, Inc. and as "Guarantor"; Herby Pearson, Sr., as "Guarantor"; and Barbara Pearson as "Guarantor."

On or about September 1, 1998, Pearson, Inc. became delinquent on the promissory note, and when it failed to make the principal and interest payments when due in September and October, ultimately defaulted. J.B. Allen made demand upon Pearson, Inc. to pay the amounts due, but Pearson, Inc. failed to tender the amounts owing. On October 28, 1998, J.B. Allen gave notice of his intention to accelerate the amount due under the promissory note and sued Pearson, Inc. to collect on the note.

On November 8, 1999, the parties entered into a stipulation for settlement. The settlement determined, *inter alia*, the defendants, Herby Pearson, Sr., Herby Pearson, Jr., and Barbara Pearson, would pay as a group to J.B. Allen $23,000, in three installments of $7,666.67, payable on November 23, 1999, January 8, 2000, and March 8, 2000. The settlement also stated the claim was to be dismissed as to the

Ryan S. Shaughnessy, St. Louis, MO, for Appellant.

Ronald J. Wuebbeling, St. Louis, MO, for Respondent.

DRAPER, Judge.

J.B. Allen, Inc. (hereinafter, "J.B.Allen") appeals the trial court's judgment dismissing its petition to enforce the terms of a

named defendants upon payment of all monies under the installment plan. Finally, the settlement dismissed the cause of action without prejudice as to Trisha Pearson. The record reflects that the first two payments have been made, and the third payment should have been made before this appeal was filed.

On November 10, 1999, J.B. Allen brought an action against Trisha Pearson to collect on the same promissory note defaulted on by Pearson, Inc. J.B. Allen sought approximately $22,000 in damages, which included principal and interest under the note, attorney fees, and costs of collection. An answer was not filed. J.B. Allen filed a motion for summary judgment on December 1, 1999. Trisha Pearson responded to the motion for summary judgment and also filed a motion to dismiss. The motion to dismiss alleged that the promissory note had been satisfied in full by the payments agreed to under the stipulation for settlement, that she had no knowledge and did not consent to the settlement, and that the settlement was a material alteration of the promissory note resulting in discharge of liability as an alleged guarantor.

On March 13, 2000, the trial court entered an order denying J.B. Allen's motion for summary judgment and granting Trisha Pearson's motion to dismiss. A notice of appeal was promptly filed, but the order was not denominated a final judgment until the court filed its order nunc pro tunc on April 18, 2000. J.B. Allen submitted his brief on July 14, 2000, with a copy of the final judgment filed on August 14, 2000, and submitted as a supplement to the legal file. This appeal follows.

■ To ascertain the proper standard of review, we must determine whether the trial court treated Trisha Pearson's motion to dismiss as a motion for summary judgment. Therefore, we will address J.B. Allen's second point on appeal first. J.B. Allen asserts the trial court erred in treating Trisha Pearson's motion to dismiss as

a motion for summary judgment in that the trial court did not provide timely notice of its intention to treat her motion as such, and did not provide it an opportunity to present additional evidence to respond to her motion. J.B. Allen alleges that at the hearing for the motion to dismiss, the trial court informed counsel for the first time it intended to treat the motion to dismiss as a motion for summary judgment. Trisha Pearson argues the trial court was correct in treating the motion to dismiss as a motion for summary judgment, and J.B. Allen waived any objection to the notice and response requirement after the trial court offered to provide it with additional time to respond to the pending motion.

■ Before a trial court may treat a motion to dismiss as one for summary judgment, when matters outside the pleadings are presented and not excluded, it must first notify the parties that it is going to do so and give the parties an opportunity to present all materials pertinent to the motion for summary judgment. Rule 55.27(a); *Manzer v. Sanchez*, 985 S.W.2d 936, 939 (Mo.App. E.D.1999). When trial courts act under Rule 55.27(a), they are urged, but not required, to have the moving party refile the motion so that it complies with Rule 74.04, the summary judgment rule, and then order the opposing party to follow these requirements as well. *Gladis v. Rooney*, 999 S.W.2d 288, 289 (Mo.App. E.D.1999).

■ In this case, there is ample evidence that the motion to dismiss was treated as a motion for summary judgment. The trial court relied on the stipulation of settlement entered against Pearson, Inc. in the previous case in ruling on the motion to dismiss. This stipulation of settlement was clearly outside the pleadings and not excluded. The final judgment also indicates that the motion to dismiss was treated as a motion for summary judgment stating J.B. Allen waived the thirty day

response time.[1] Finally, both parties argue in their briefs that the motion to dismiss was treated as a motion for summary judgment. Generally, we will not consider matters not contained in the record, and factual assertions in the briefs cannot supplement the transcript. *McCormick v. St. Louis University, Inc.*, 14 S.W.3d 601, 605 (Mo.App. E.D.1999). However, matters to which counsel for the adverse party stipulates, agrees, or concedes constitute an exception to the rule that the transcript may not be supplemented by any extraneous matter in one party's brief. *Consumer Contact Co. v. Dept. of Revenue*, 592 S.W.2d 782, 785 (Mo. banc 1980); *State ex rel. Dankelson v. Holt*, 994 S.W.2d 90, 94 (Mo.App. S.D.1999). Based on the foregoing, we conclude that the motion to dismiss was treated as a motion for summary judgment.

Since the motion to dismiss was treated as a motion for summary judgment, even when the trial court fails to provide notice of its doing so, the court is not precluded from ruling on the motion where the nonmoving party acquiesces in the trial court's action and, thereby, waives the notice requirement. *Keim v. Big Bass, Inc.*, 949 S.W.2d 122, 125 (Mo.App. E.D.1997); *Sale v. Slitz*, 998 S.W.2d 159, 162 (Mo.App. S.D.1999). In this case, the final judgment contained a handwritten notation, initialed by both parties' attorneys stating J.B. Allen consented to hearing the motion and waived time for response. It is evident from this notation that J.B. Allen waived any objection it had to the trial court's treatment of the motion to dismiss as a motion for summary judgment and its lack of notice. Point denied.

J.B. Allen's third point on appeal claims the trial court erred in granting summary judgment in favor of Trisha Pearson and dismissing its petition because the trial court erroneously declared the law in not

requiring proof of the loss or impairment of the right of recourse against Pearson, Inc.. Further, it alleges the trial court erred because it did not require Trisha Pearson to offer any evidence of how her right of recourse against Pearson, Inc. was impaired by the stipulation of settlement entered into between J.B. Allen and Pearson, Inc.. J.B. Allen argues that in the absence of this evidence, Trisha Pearson was not entitled to judgment as a matter of law. J.B. Allen's fourth point on appeal argues that the absence of this evidence presents a genuine issue of material fact regarding the extent of Trisha Pearson's impairment precluding summary judgment in her favor. We agree.

In addressing J.B. Allen's allegation that the trial court erred in granting summary judgment in favor of Trisha Pearson, it is well settled that when considering an appeal from summary judgment, we review the record in the light most favorable to the nonmovant. *ITT Commercial Fin. v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo*. *Id.* at 376. The criteria on appeal for testing the propriety of summary judgment are no different from those employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The burden of proof on a summary judgment movant is to establish a legal right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378.

The nonmovant must show by affidavits, depositions, answers to interrogatories, or admissions on file, that one or more of the material facts shown by the movant to be without any genuine dispute is, in fact, genuinely disputed. *Id.* A "genuine issue" exists where the record contains competent materials that establish a plausible, but contradictory, version of the movant's essential facts. *Id.* at 382.

1. The final judgment had a handwritten sentence, initialed by both parties' attorneys which stated: "Plaintiff [J.B. Allen] consents to hearing of Motion and waives 30 day re-

sponse time without waiving objections to issues raised in Reply to Response to Motion for Summary Judgment."

Trisha Pearson argues that she was unaware J.B. Allen and Pearson, Inc. entered into the stipulation for settlement; she did not consent to the settlement, nor was she a party to the settlement. Therefore, she argues she is discharged from any liability as a guarantor. Trisha Pearson relies on *Fuhrer v. Sheahan,* 857 S.W.2d 439, 441–42 (Mo.App. E.D.1993) and *Kirkland v. Todd,* 856 S.W.2d 936, 939 (Mo.App. S.D.1993) which hold that if there is a change in the terms of a guaranteed debt which enlarges or lessens liability, then the change is material, and as such, discharges a guarantor's liability if that guarantor did not consent to the change in terms.

However, the legislature enacted Section 400.3–605 RSMo (1994)[2] which directly applies to this situation and is not addressed in *Fuhrer* or *Kirkland.* Section 400.3–605(b) states that the discharge of the obligation of a party to pay an instrument does not discharge the obligation of an endorser or accommodation party having a right of recourse against the discharged party. An accommodation party is defined in Section 400.3–419(c) as a person whose signature is accompanied by words indicating that the signer is acting as surety or guarantor with respect to the obligation of another party on the instrument. Trisha Pearson signed the promissory note in her capacity as Secretary of Pearson Inc. and in her individual capacity as "Guarantor." Therefore, she is the accommodation party having a right of recourse against the discharged party, Pearson, Inc., pursuant to Section 400.3–605(b).

Trisha Pearson's status as an accommodation party alone does not answer the question of whether she has been discharged under the promissory note. Section 400.3–605(c) states when an extension of time is granted by the creditor to the principal debtor, this extension discharges the accommodation party having a right of recourse against the principal debtor to the extent the accommodation party proves the extension caused a loss to the accommodation party with respect to her right of recourse. Moreover, under Section 400.3–605(d), when there is a material modification of the obligation, the accommodation party is discharged to the extent the modification causes loss to the accommodation party with respect to the right of recourse.

In this case, it is clear these statutory provisions apply. An accommodation party is required to show the extent of loss, which results in the impairment of the right of recourse, when arguing that a material modification or extension of time discharges its obligation under a promissory note. Here, there is nothing in the record to support a finding that Trisha Pearson presented any evidence as to her loss and impairment of her right of recourse against Pearson, Inc., which is required under the statute. We find the absence of this evidence presents a genuine issue of material fact as to the extent of her loss or impairment of her right of recourse, thus precluding summary judgment in her favor.

We reverse and remand.

GARY M. GAERTNER, Sr., P.J., and CRAHAN, J., concur.

---

**2.** All further statutory references are to RSMo (1994) unless otherwise indicated.