Alicia SOTIRESCU, Appellant,

v.

Daniel SOTIRESCU, Respondent.

No. ED 77393.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 12, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 26, 2001.

Robert M. Heggie, Clayton, for Appellant.

John J. Collins, St. Louis, MO, for Respondent.

## OPINION

DRAPER, Judge.

Alicia Sotirescu (hereinafter, "Wife") appeals the trial court's grant of summary judgment in favor of Daniel Sotirescu (hereinafter, "Husband") in her suit for personal injuries stemming from a series of assaults allegedly inflicted upon her during the course of their marriage. Wife contends the trial court erred in granting summary judgment on the grounds of res judicata and collateral estoppel because: 1) the finding in the prior dissolution proceeding cannot be used to deprive her in a subsequent tort suit of her fundamental right to a jury trial, and 2) the issue regarding marital misconduct in the dissolution proceeding is different from findings required in her suit for assault and battery. Husband cross-appeals the trial court's judgment granting Wife's motion for expenses and awarding Wife $2,000 in attorney's fees and $380.50 in travel expenses as sanctions for failure to comply with the court's scheduling order. In this consolidated appeal, we reverse and remand, in part, and affirm, in part.

The facts of the case are not in dispute. Husband and Wife were married in 1992. On June 23, 1997, Wife filed a petition for dissolution claiming the marriage was irretrievably broken due to Husband's physical and mental cruelty. On January 12, 1998, Wife filed a tort action against Husband alleging the acts of physical violence committed by Husband occurred during the course of their marriage and she suffered personal injury. Husband was served with a summons for this case the following day, immediately prior to the

hearing on Wife's dissolution petition. Wife did not petition the court to hear the tort action prior to the dissolution proceeding, nor does the record indicate that Wife made any effort to advise the dissolution court that the tort case had been filed. At the dissolution hearing, Wife testified that Husband caused her injuries during the course of their marriage. The commissioner of the family court found neither party engaged in marital misconduct.

On February 5, 1998, the findings and recommendations of the commissioner were adopted as the judgment of the court. On February 27, 1998, Wife filed a motion for new trial alleging, *inter alia,* that the court erred in finding no marital misconduct occurred. This motion was denied and Wife did not appeal. Final judgment on the dissolution petition was entered on March 19, 1998.

With respect to the tort action, Wife filed an amended petition on October 27, 1998, alleging that Husband struck her during the course of their marriage causing injury to her right elbow. The amended petition also raised additional counts denominated as a domestic violence tort, a federal Violence Against Women Act violation, and a claim of intentional infliction of emotional distress. As well, Wife requested a jury trial. Husband responded, filing two motions to dismiss and a motion for summary judgment raising the affirmative defenses of collateral estoppel and res judicata.

On November 30, 1999, after notice to and consent by both parties, the trial court ruled that Husband's motions to dismiss would be treated as additional grounds for summary judgment directed against the entire petition. Wife filed a motion for expenses and attorney's fees on December 17, 1999, alleging that Husband failed to comply with the trial court's previous scheduling order requiring all dispositive motions be submitted by February 1, 1999. Wife asserted that Husband failed to include any information on his motion for summary judgment that was not known prior to that date.

On December 20, 1999, the court entered summary judgment in favor of Husband on all of Wife's claims. It also granted Wife's motion for expenses and awarded her $2,000 in attorney's fees and $380.50 in travel expenses as sanctions against Husband. Husband and Wife appeal.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). We accord the party against whom summary judgment was entered the benefit of every doubt. *Green v. Washington University Medical Center,* 761 S.W.2d 688, 689 (Mo.App. E.D.1988). Summary judgment is intended to move the parties beyond the petition's allegations and determine if a material fact for trial exists. *Martin v. City of Washington,* 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, employs the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance,* 854 S.W.2d at 376.

Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). The moving party bears the burden of establishing a right to judgment as a matter of law. Following the moving party's prima facie showing, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstra-

tion that judgment as a matter of law is incorrect. Rule 74.04(e). Wife claims that the trial court erred in its grant of summary judgment in favor of Husband because he was not entitled to judgment as a matter of law since Wife's claims were not barred by res judicata.

Res judicata is comprised of two separate and distinct doctrines: issue preclusion, known as collateral estoppel and claim preclusion, known as res judicata. *Wolfe v. Central Mine Equipment Co.,* 895 S.W.2d 83, 87 (Mo.App. E.D.1995). In determining whether a claim is barred by collateral estoppel, or issue preclusion, we consider four factors: 1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; 2) whether the prior adjudication resulted in a judgment on the merits; 3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and 4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Meckfessel v. Fred Weber, Inc.,* 901 S.W.2d 335, 339 (Mo.App. E.D.1995).

In order for a claim to be barred by res judicata, or claim preclusion, the following factors must be met: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made. *Doherty v. McMillen,* 805 S.W.2d 361, 362 (Mo.App. E.D.1991).

Husband directs our attention to *Horwitz v. Horwitz,* 16 S.W.3d 599 (Mo.App. E.D.2000) for the proposition that Wife's intentional tort claims are collaterally estopped. The husband in *Horwitz* filed for dissolution from his wife, failing to disclose this information to her for two months and intentionally delaying serving her with notice for fourteen months. *Id.* at 601. After learning of the pending dissolution action and prior to being served with notice, the wife filed a lawsuit sounding in various torts against her husband. *Id.* The tort lawsuit had nine claims including: breach of confidential or fiduciary relationship by deception and fraud; battery; recovery of necessary expenses; intentional infliction of emotional distress; negligent infliction of emotional distress; violation of Missouri Wiretap Law; violation of Federal Wiretap Act; private nuisance; and invasion of privacy. *Id.* Once the wife was served with notice of the dissolution, she counterclaimed in that lawsuit requesting spousal maintenance, sole physical and legal custody of the children, and child support. *Id.*

The trial court joined both actions. *Id.* After the court dissolved the marriage, the husband filed a motion to dismiss the tort claims against him on the grounds of res judicata, collateral estoppel, and failure to state a claim. *Id.* at 601–02. The trial court granted the husband's motion and the wife appealed. *Id.* at 602. Upon appeal, this Court affirmed the decision of the trial court.

However, collateral estoppel did not bar all of the wife's intentional tort claims. In *Horwitz,* this Court divided the wife's tortious claims against the husband into three groups: breach of fiduciary duty, claim for necessaries, and the remaining tort claims. The wife's claim for breach of fiduciary duty was barred by collateral estoppel. *Id.* at 604. In her claim for necessaries, we held she attempted to split her cause of action in that she attempted to receive compensation for maintenance and child support both in the dissolution action and in her tort action. *Id.* The remaining tort claims, including the intentional torts of battery and infliction of emotional distress, were not preserved for appellate review;

they were procedurally deficient, and therefore not reviewed on the merits. *Id.* at 605. Further, in this Court's discussion of the remaining tort claims, we noted that there was no discussion by either party of whether res judicata would bar tort claims similar to the wife's following a dissolution proceeding and that our Supreme Court has not addressed the issues expressly. *Id.*

Thus, the application of *Horwitz* is inappropriate in the instant case. Here, unlike *Horwitz*, there was neither joinder of the two causes of action nor allegations that Wife sought double recovery by splitting her claims. Further, the *Horwitz* court never discussed the appropriateness of timing or the potentially conclusive effects of bringing a dissolution proceeding before an intentional tort lawsuit.

The Missouri Supreme Court has held that a spouse is not barred from bringing a tort action against the other spouse. *S.A.V. v. K.G.V.*, 708 S.W.2d 651, 653 (Mo. banc 1986). By way of discussion, our Supreme Court recognized that "there are distinct differences between the division of marital property between spouses and awards of damages for an injury...." *Id.* Moreover, "to the extent that conduct of the spouses is taken into account in [the] division of marital property pursuant to Section 452.330.1(4) RSMo. (1984), the dissolution decree might be admissible in the subsequent tort action subject to the usual constraints of relevance, competence, and with a careful eye to questions of causation and speculativeness of damages. The same may hold true for the dissolution proceeding if that action follows trial of the tort claim." *Id.*

In the instant case, Wife clearly had a cause of action sounding in tort against Husband for her allegations of abuse during their marriage that is separate and distinct from the dissolution proceeding.

There is no legal precedent that the general findings in the dissolution proceeding have a preclusive effect upon her tort claims.

This Court struggled with similar issues in *State ex rel. M.D.K. v. Dolan,* 968 S.W.2d 740 (Mo.App. E.D.1998). After discussing the holding in *S.A.V., supra,* the *Dolan* court noted that *S.A.V* . inferred that neither res judicata nor collateral estoppel would bar a subsequent dissolution proceeding in which the marital conduct of the parties would be taken into account in the division of marital property, and that either the tort case or the dissolution proceeding could be tried first. *See S.A.V.,* 708 S.W.2d at 653 and *Dolan,* 968 S.W.2d at 745. Additionally, the *Dolan* court acknowledged the lack of guidance provided by Missouri caselaw, noting:

> Neither party has referred us to any Missouri case which has ruled that consideration of marital conduct in a dissolution proceeding precludes consideration of that conduct in a subsequent tort action. Or, if the tort action is tried first, that res judicata or issue preclusion bars consideration of that conduct by the dissolution court in distributing marital property and awarding maintenance. Nor has our independent research disclosed any.

*Id.* at 745.

The *Dolan* court proceeded with a lengthy discussion of several problems faced by the court when sorting out which cause of action should be tried first and what effect such sequencing has on the application of res judicata. *Id.* at 746–47. The *Dolan* court was concerned with avoiding problems arising from res judicata and collateral estoppel and the potential double recovery by a spouse. First, it recognized, relying on *S.A.V.,* that there were differences between a division of marital property and an award of damages

and thus, both actions were permitted. *Id.* Second, it was concerned that if the amount of marital property was limited, and even if a spouse were to prevail on his or her allegation of misconduct, the spouse may not be made whole if the dissolution proceeding was tried first. *Id.* "In such a situation, the trial court could award [the injured spouse] all of the marital property and still not adequately compensate [him or her] for the tort damages sustained. On the other hand, if the tort count was tried first, no such limitation on damages exists." *Id.* Finally, this Court also noted the importance of Missouri's "extremely strong public policy" in favor of the right to a jury trial. *See Attebery v. Attebery,* 507 S.W.2d 87, 93 (Mo.App. W.D.1974).

After discussing this litany of problems, the *Dolan* court was unable to definitively resolve which cause of action should be heard first. However, it merely suggested that the parties would be best served if the tort claim were heard first because it could eliminate some of the problems previously discussed.

■ In the present case, Wife alleges that the trial court erred in barring her tort claims because she chose to proceed with the dissolution action first. Neither *Dolan* nor *S.A.V.* mandate a sequencing of litigation, nor does any other Missouri caselaw. *See also, Sosnick v. Sosnick,* 71 Cal.App.4th 1335, 84 Cal.Rptr.2d 700 (1999)(summary judgment in favor of former husband is appropriate where wife brought tort action for personal injuries sustained during marriage after dissolution); *McPherson v. McPherson,* 712 A.2d 1043 (Me.1998)(dismissing post-dissolution suit against former husband for transmission of a sexual disease during marriage because former wife failed to prove necessary elements rather than as a procedural bar); *Ward v. Ward,* 155 Vt. 242, 583 A.2d 577 (1990)(joining other tort claims with a dissolution action is improper); *Slansky v. Slansky,* 150 Vt. 438, 553 A.2d 152 (1988)(tort action brought by former spouse not barred by res judicata for failure to raise the claim in the dissolution proceeding); *Aubert v. Aubert,* 129 N.H. 422, 529 A.2d 909 (1987) (holding tort action is fundamentally different from dissolution proceeding and respective issues are distinct); *Noble v. Noble,* 761 P.2d 1369 (Utah 1988)(recognizing tort claims, which are legal in nature, should remain separate from dissolution proceedings, which are equitable in nature); *Delahunty v. Massachusetts Mut. Life Ins. Co.,* 236 Conn. 582, 674 A.2d 1290 (1996) (refusing to apply res judicata to preclude wife from bringing independent tort claim alleging that former husband had fraudulently converted and concealed life insurance policy). Hence, we cannot impose our judgment of sequencing when such imposition is not supported by law. Wife's cause of action sounding in tort is separate and distinct from the trial court's findings in a dissolution proceeding. There is no legal precedent to support that such findings have preclusive effects on subsequent tort actions. Furthermore, Wife's claims are not barred by res judicata merely because she chose to proceed with her dissolution first. Therefore, we hold that Wife's claims are not barred by res judicata merely because she chose to proceed with her dissolution action first. The trial court erred as a matter of law in granting summary judgment in favor of Husband.

In her second point, Wife claims that Husband's motion for summary judgment was procedurally defective under Rule 74.04. Husband filed two motions to dismiss and a motion for summary judgment in relation to Wife's tort claims, specifically raising the affirmative defenses of res judicata and collateral estoppel. The trial court gave notice and obtained the consent

of the parties to treat Husband's motions to dismiss as motions for summary judgment. Clearly, this is the procedurally sound way for the trial court to proceed under Rule 55.27(a) and the dictates of *J.B. Allen, Inc. v.. Pearson,* 31 S.W.3d 526, 528 (Mo.App. E.D.2000) and *Manzer v. Sanchez,* 985 S.W.2d 936, 939 (Mo.App. E.D.1999).

Wife's point challenges the form of the motion for summary judgment as being procedurally deficient, not the converted motions to dismiss. Wife argues that she specifically set forth objections to the procedural defects in Husband's motion for summary judgment in her reply to that motion. Thus, she argues that she did not consent to the form of the summary judgment, but rather to the conversion of the motions to dismiss into motions for summary judgment.

■ Generally, failure to comply with Rule 74.04(c)(1) warrants a trial court's denial of a summary judgment motion and warrants an appellate court's reversal of the grant of summary judgment. *Mathes By and Through Mathes v. Nolan,* 904 S.W.2d 353, 355 (Mo.App. E.D.1995). If the issues and the documents in support of those motions are clear to the litigants, the trial court, and the appellate court, the failure to comply with Rule 74.04 does not per se preclude the granting of summary judgment nor the affirming of such a judgment. *Id.* In short, the trial court and the appellate court are vested with discretion. *Id.*

■ Here, Wife's protestations were not sufficient to preserve her claims of procedural defect in Husband's motion for summary judgment. Moreover, the issues are clear, the material facts are not disputed, and the question posed is one of law. Hence, Wife's procedural claim fails.

■ In his cross-appeal, Husband appeals the trial court's judgment granting Wife's motion for expenses and awarding damages as sanctions for his failure to comply with the court's scheduling order. The trial court is vested with broad discretion in controlling its docket, the progress of litigation, and the grant or refusal of a continuance. *Nixon v. Director of Revenue,* 883 S.W.2d 945, 946 (Mo.App. E.D. 1994). The decision of the trial court will not be set aside absent a showing of arbitrary or capricious exercise of its discretion. *Lamastus v. Lamastus,* 886 S.W.2d 721, 725 (Mo.App. E.D.1994).

■ No abuse of discretion appears in the instant case. The trial court clearly instructed both Husband and Wife to file all dispositive motions with the court prior to February 1, 1999. Husband failed to submit his motions to dismiss and motion for summary judgment until November 22, 1999, one week before trial. The record does not reveal any meritorious reason for this substantial delay. Husband failed to include any allegation or evidence in these motions which was not known prior to the February 1, 1999 deadline. Wife submitted to the court evidence to support her claim for additional attorney's fees and expenses directly related to Husband's delay. Under these circumstances, we find the trial court did not abuse its discretion in granting Wife's motion. Point denied.

The judgment of the trial court is reversed and remanded, in part, and affirmed, in part.

GARY M. GAERTNER., SR., P.J. concurs, LAWRENCE G. CRAHAN, J., concurs in part and dissents in part.

CRAHAN, Judge, concurring in part and dissenting in part.

I concur in the disposition of Husband's cross-appeal but must respectfully dissent

**8**

from the holding that Wife's claim is not barred by collateral estoppel.

In the dissolution proceeding, Wife testified that Husband struck her, producing the injury to her elbow for which she is now seeking compensation in the instant tort case. Husband denied striking Wife and offered evidence that Wife's medical records reflected that she is suffering from "tennis elbow," a chronic condition not caused by external blunt trauma. Neither party requested detailed findings on the issue. The dissolution court entered a written finding that neither party had engaged in marital misconduct.

Although Wife moved for reconsideration of the finding of no marital misconduct citing her testimony that Husband had physically abused her, her motion was denied and Wife did not appeal. Had Wife appealed, she clearly would not have been successful because we would have been required to presume that the trial court found the facts in accordance with the result reached. *In re Estate of Froman*, 803 S.W.2d 176, 179 (Mo.App.1991). Thus, because evidence on the point was conflicting, we would have been required

to presume that the dissolution court found Husband's testimony more credible and determined that Husband did not strike Wife as she claimed.[1]

It is absolutely irrelevant that nothing in the case law mandates that Wife proceed to trial on the tort claim before proceeding to trial of the dissolution case. It is difficult to conceive of an area of the law that does require claims to be tried in any particular order. The purpose of the doctrine of collateral estoppel is to ensure that, regardless of the order in which claims are tried, factual determinations made as a result of the first trial may not be relitigated in the second. *Bresnahan v. May Dept. Stores Co.*, 726 S.W.2d 327, 329 (Mo. banc 1987).

In this case, Wife elected to proceed to trial in the dissolution case and did not even file her tort claim until the morning the dissolution case went to trial.[2] Trial of the dissolution case resulted in an explicit finding of no marital misconduct by either party and, as explained above, an implicit finding that Husband did not strike Wife as she claimed in the dissolution case and

1. If the dissolution court had made a written finding that Husband had struck Wife with sufficient force to cause her injury, its finding of no marital misconduct by either party could not have been sustained on appeal because, as appellate cases have consistently recognized, physical abuse of one's spouse constitutes marital misconduct. *See, e.g., Hogan v. Hogan*, 651 S.W.2d 585, 587 (Mo.App. 1983); *Dodson v. Dodson*, 904 S.W.2d 3, 9 (Mo.App.1995); *Carter v. Carter*, 940 S.W.2d 12, 16 (Mo.App.1997). Therefore, in view of the presumption that the dissolution court found the facts in accordance with the result reached, the trial court's express finding that neither party engaged in marital misconduct must be deemed an implicit finding that the incident upon which wife predicates her present claim did not occur.

2. Although there is authority in other states that condones this piecemeal approach to liti-

gation, there are sound policy reasons to require that claims of intentional torts committed by a spouse during the marriage be joined with the dissolution action or asserted as a compulsory counterclaim. They clearly arise out of the very transactions and occurrences before the dissolution court and failure to resolve such claims prior to or concurrently with the rendition of the dissolution decree prevents the dissolution court from completely winding up all that has occurred by reason of the relationship. It also makes it far more likely that the plaintiff will recover more than one recovery because it is usually impossible to know precisely by what amount a finding of misconduct influenced the division of property. If the claims are required to be asserted in a single proceeding, with the tort claims tried first to a jury upon request of either party, these problems would be eliminated.

asserts in the instant tort case. Factual findings implicit in a judgment are accorded preclusive effect. *Dehner v. City of St. Louis,* 688 S.W.2d 15, 17 (Mo.App.1985); *Land Clearance for Redevelopment Auth. of the City of St. Louis v. United States Steel,* 911 S.W.2d 685, 688 (Mo.App.1995). Accordingly, Wife should not be permitted to relitigate the issue whether Husband struck her. A finding in Wife's favor on the tort claim would be inconsistent with the prior judgment.

Wife draws our attention to language in *S.A.V. v. K.G.V.,* 708 S.W.2d 651, 653 (Mo. banc 1986), in which the Missouri Supreme Court observed that "there are distinct differences between the division of marital property between spouses and awards of damages by a jury." While this is certainly true, it is essentially irrelevant to the determination of whether Wife's claim is barred by collateral estoppel. *S.A.V.* is the Missouri Supreme Court decision abolishing the doctrine of interspousal immunity. *Id.* Collateral estoppel was not an issue in the case and the court's observation about the differences between division of property and damages was made in the context of rejecting the husband's contention that adequate redress for intentional torts was available in a dissolution case. *Id.* That discussion presupposes, of course, that an intentional tort actually occurred. In the instant case, the dissolution court found that the alleged intentional tort did *not* occur. The issue is whether that now bars wife from maintaining a cause of action which requires her to prove the opposite.

The fact that there may be different measures of damages available in the first and second actions has never been an impediment to the application of collateral estoppel. In *Bresnahan,* for example, a factual finding in an unemployment compensation case that an employee had violated her employer's policy by attempting to remove merchandise from a store without proper documentation or authorization was held to preclude her recovery on her later claim that employer breached her employment contract by terminating her. 726 S.W.2d at 329, 330. The only similarity between the two actions was the issue of whether the employee had improperly attempted to remove the item from the store. The action which resulted in the finding that was given preclusive effect was an administrative proceeding to recover unemployment compensation benefits, not an action for "damages," which the agency had no power to award in any event. Nevertheless, the factual determination made in the agency proceeding was held to preclude the subsequent action for breach of contract because a common issue, essential to recovery in the second action, had been resolved adversely in the first action. In the instant case, the common issue in Wife's prior dissolution action and her tort action is whether Husband struck Wife, injuring her elbow. Having suffered an adverse judgment on that claim in the dissolution case, Wife should not now be permitted to relitigate it in a tort case.[3]

Wife also relies on *State ex rel. M.D.K. v. Dolan,* 968 S.W.2d 740, 747 (Mo.App.

**3.** Moreover, as noted by the dissent in *Bresnahan,* the administrative agency's factual findings were accorded preclusive effect despite the fact that there was no provision for prehearing discovery, the agency was not obliged to follow common law rules of evidence and the Appeals Referee was not required to be a member of the bar. 726 S.W.2d at 332–33. (Blackmar, J., dissenting). Wife's dissolution action afforded her all of these procedural safeguards.

1998). In that case, we held that a judge did not abuse her discretion in severing a tort claim from a dissolution proceeding. *Id.* We noted, however, a number of potential problems trial judges should consider when faced with claims for marital torts and dissolution, including, *inter alia,* the potential effect of the doctrines of collateral estoppel and res judicata. *Id.* We further pointed out that a number of these concerns could be eliminated if the tort claims were tried first. *Id.* In this case, the dissolution case was tried first, resulting in an express finding that no misconduct occurred. *Dolan* does not resolve the issue of whether collateral estoppel applies.[4]

*Horwitz v. Horwitz,* 16 S.W.3d 599, 604 (Mo.App.2000), is more informative. In *Horwitz,* the husband filed a dissolution proceeding but intentionally delayed serving the action upon the wife. 16 S.W.3d at 601. After the wife learned of the filing, she filed a lawsuit against the husband asserting various intentional tort claims, allegedly arising out of the husband's conduct during the marriage. *Id.* The husband then moved to join the two cases and the motion was granted over the wife's objection. *Id.* Following a bench trial of the dissolution case, the trial court entered a judgment including detailed findings of fact concerning the couple's marriage. The husband then moved to dismiss on the grounds of res judicata and collateral estoppel requesting the court to take judicial notice of the findings made in the dissolution proceeding. *Id.* at 601–02. The trial court sustained the motion, which was reviewed on appeal as summary judgment in

view of the trial court's consideration of matters outside the pleadings. *Id.* at 603.

On appeal, the wife first complained that the trial court erred in hearing the dissolution case before her tort claims, thereby depriving her of her right to a jury trial. In *Horwitz,* however, as in the present case, there was no indication in the record that the wife ever sought a ruling from the trial court that the tort claims should be tried first. 16 S.W.3d at 602. The wife was thus deemed precluded from complaining about the sequence of events on appeal. *Id.* The court further held that collateral estoppel was properly applied to bar the wife's claim of breach of fiduciary duty. *Id.* at 603–04. Wife's contentions concerning dismissal of her other tort claims were deemed abandoned on appeal. *Id.* at 605.

Although *Horwitz* may be distinguishable on its facts, it does squarely hold that factual findings made in a dissolution case will be given preclusive effect in a subsequent trial of a tort claim arising out of those facts. If facts necessary to sustain the tort claim have been decided adversely in the trial of the dissolution case, the tort action is barred on the basis of collateral estoppel. *Id.* at 604.

For the foregoing reasons, I would affirm the judgment of the trial court.[5]

---

4. It should be noted, however, that one of the cases discussed in *Dolan* was *Noble v. Noble,* 761 P.2d 1369 (Utah 1988), in which the dissolution case was tried first. The dissolution case resulted in a finding that the husband shot his wife, permanently injuring her. *Id.* at 1370, 1372. The court explicitly took into account the wife's increased living expenses and decreased earning ability. *Id.* Another judge then dismissed the wife's tort action on the basis of res judicata. *Id.* In a consolidated appeal, the Utah Supreme Court

affirmed the dissolution case but remanded for more specific findings to enable the judge in the tort case to avoid a double recovery. *Id.* at 1373. The tort case was reversed and remanded. The court did, however, hold that collateral estoppel applied to prevent the husband from relitigating the dissolution court's finding that he intentionally shot his wife. *Id.* at 1375.

5. In her second point, Wife complains that Husband's motion was procedurally deficient

under Rule 74.04. The motion was not submitted under Rule 74.04. It was treated as a summary judgment motion by the court upon

notice to the parties and with their consent. In any event, Wife suffered no prejudice.