Filed 11/5/15  Wu v. Liu CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NANCY WU,<br><br>    Cross-complainant and Appellant,<br><br>v.<br><br>HAN LIU et al.,<br><br>    Cross-defendants and Respondents. | B256203 (consolidated w/ B259554)<br><br>(Los Angeles County<br>Super. Ct. No. BC472110) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Deirdre Hill, Judge.  Reversed.

James A. Gallo for Cross-complainant and Appellant.

Steve Luan for Cross-defendants and Respondents Han Liu, John Lau, and Linda Yan-Lin Chen.

\* \* \* \* \* \*

In a marital dissolution action, the family court was called upon to decide if a single-family residence was community property or instead the separate property of wife's stepson. Wife sought to join stepson in the action to settle ownership of the residence and to obtain damages under tort and contract theories. The family court ruled that the home was stepson's separate property, but made conflicting statements as to whether it was deciding wife's tort and contract claims. Wife subsequently cross-claimed against stepson and others in a separate civil action, raising the same tort and contract theories. The trial court in the civil action initially ruled that wife's tort and contract claims had *not* been previously litigated, but later ruled that they *had* been and were thus barred by collateral estoppel. Wife appeals this ruling. We conclude that stepson and the others have not carried their burden of showing that the family court actually litigated the tort and contract claims, and accordingly reverse.

## FACTS AND PROCEDURAL BACKGROUND

### I. Marital Dissolution Proceeding

Cross-complainant and appellant Nancy Wu (wife) married cross-defendant and respondent John Lau (husband) in 1994. In 2009, wife filed for divorce in Los Angeles County Superior Court. One of the issues in the ensuing dissolution proceeding was whether a single-family residence in Temple City, California, was community property or instead the separate property of cross-defendant and respondent Han Liu (stepson), who was husband's son from a prior relationship. Wife claimed the residence was community property, despite the fact that the deed listed stepson as the owner, because stepson acted solely as their real estate agent and because she and husband had provided the down payment and had made the mortgage payments. Stepson claimed the property was his separate property, arguing that he repaid wife and husband for their down payment and then leased the residence to them. Soon after this issue arose, wife filed a request to join stepson in the dissolution proceeding, seeking to resolve the status of the residence under a variety of equitable theories and to obtain damages for breach of contract, breach of fiduciary duty, fraud and deceit, constructive fraud and abuse of process.

2

In July 2012, the family court ruled that the residence was stepson's separate property because wife did not adduce clear and convincing evidence to rebut the evidentiary presumption that stepson's title to the residence was controlling. (Evid. Code, § 662.) As to wife's request for damages for breach of fiduciary duty, the family court stated: "[A]ny damages resulting from that breach are not properly before this court. This court's jurisdiction is limited to determining whether the community has an interest in this home. If [stepson] breached his fiduciary duties to [wife], that breach might result in civil damages, but this court takes no position on any breach of any responsibility between [stepson] and [wife]."

Wife subsequently filed a request for statement of decision, seeking the family court's "clarification and/or determination" as to whether she satisfied the *elements* of her breach of contract, breach of fiduciary duty, fraud and deceit, constructive trust and abuse of process claims; she did not purport to seek *damages* on those claims. In response, the family court issued an order in August 2012 that stated: "There is insufficient evidence for the court to make findings in [wife's] favor on breach of agreement, fraud and deceit, breach of fiduciary duty, constructive fraud, constructive trust, unjust enrichment, and abuse of process. [Wife] simply did not have sufficient evidence to establish that [stepson] breached any of his fiduciary duties to [wife]. Further, in light of the evidence, the court cannot find that [stepson] was unjustly enriched, or that he abused any process."

Wife thereafter filed a motion for new trial. The family court denied that motion in October 2012. In its order, the court reaffirmed its initial ruling that "any fiduciary duty [stepson] owed [wife] as a real estate agent might be subject to a civil claim but was not then before the [family] court at the bifurcated trial re[garding] property ownership."

## II. Civil Lawsuit (This Case)

While the marital dissolution proceeding was pending and prior to the family court's rulings on the status of the residence, stepson filed a separate civil lawsuit against

3

wife in October 2011 seeking relief on grounds of (1) quiet title, (2) breach of the lease, and (3) unjust enrichment.[1]

After the family court issued its rulings in July and August 2012, wife filed a cross-complaint against stepson in March 2013 alleging (1) breach of contract, (2) breach of fiduciary duty, (3) constructive fraud, (4) fraud and deceit, (5) negligent misrepresentation, (6) unjust enrichment, (7) civil conspiracy, and (8) unfair business practices, in violation of Business and Professions Code section 17200.[2] Stepson moved for judgment on the pleadings, arguing that collateral estoppel barred wife from relitigating the first six claims that had already been decided by the family court. The trial court denied the motion as to those claims, concluding that these "cause[s] of action [were] specifically not decided by [the judge] in the family law action . . . . [That judge] specifically made it clear that he was not deciding claims for breach of fiduciary duty, or any damages resulting from [stepson's] conduct." The trial court granted the motion with respect to the civil conspiracy and unfair business practices claims, finding they were too indefinite as alleged.

Wife filed a first amended cross-complaint, realleging the same causes of action that survived stepson's motion for judgment on the pleadings but adding four new cross-defendants—namely, husband; cross-defendant and respondent Linda Yan-Lin Chen (stepson's wife); cross-defendant and respondent Amy Chen (stepson's mother-in-law); and Wan-Chun Chu (who supplied a $50,000 cashier's check used by stepson to repay wife and husband for the residence's down payment). Husband and stepson's wife filed

---

[1]     The parties' appendices are not complete, and we take judicial notice of the portions of the trial court's file necessary to provide a complete picture of the proceedings below. (Evid. Code, §§ 452 & 459.)

[2]     The cross-complaint also alleged four other causes of action—breach of agreement, breach of fiduciary duty, constructive fraud, and fraud and deceit—on a different factual theory than that at issue in the dissolution proceeding. The trial court ruled that these claims were barred by the statute of limitations, and wife does not appeal that ruling.

demurrers. In February 2014, the trial court sustained both demurrers. Inconsistently with its earlier ruling on stepson's motion for judgment on the pleadings, the trial court reasoned: "[I]t is clear that [the family court judge] already determined that there was no breach of contract, breach of fiduciary duty, fraud, or unjust enrichment committed by [stepson] with respect to the alleged 'straw buyer' agreement concerning the subject [residence] . . . . [The family court judge's] decisions are therefore final, and no showing has been made that his rulings were appealed or otherwise remain pending."

A few months later, stepson filed a second motion for judgment on the pleadings, again arguing that wife was collaterally estopped from relitigating the family court's rulings. This time, the trial court accepted this argument, dismissing all claims against stepson.

Wife filed notices of appeal as to the trial court's rulings on the two demurrers and stepson's second motion for judgment on the pleadings. We consolidated the appeals.

## DISCUSSION

The propriety of the three trial court orders at issue in this appeal turns on the same question: Does the doctrine of collateral estoppel preclude wife from litigating her claims of breach of contract, breach of fiduciary duty, constructive fraud, fraud and deceit, and negligent misrepresentation in this civil action because they were previously decided in the marital dissolution proceeding?[3]

The doctrine of "'[c]ollateral estoppel precludes relitigation of issues argued and decided in prior proceedings.'" (*Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 943 (*Pacific Lumber Co.*), quoting *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) This doctrine, which is also referred to as "issue preclusion," applies only if (1) "the issue sought to be precluded from relitigation [is] identical to that decided in a former proceeding"; (2) "this issue [was] actually litigated in the former

---

**3** Stepson, his wife, and his mother-in-law do not argue that the family court decided wife's civil conspiracy or unfair business practice claims, but those claims as alleged by wife rise or fall on the viability of her underlying contract and tort claims.

5

proceeding"; (3) the issue was "necessarily decided in the former proceeding"; (4) "the decision in the former proceeding [was] final and on the merits"; and (5) "the party against whom preclusion is sought [is] the same as, or [is] in privity with, the party to the former proceeding." (*Ibid.*)  The party asserting collateral estoppel bears the burden of proving that these prerequisites are met. (*Ibid.*)  "Where there is doubt about the application of issue preclusion, it should not apply." (*Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines Inc.* (2014) 231 Cal.App.4th 134, 186 (*Union Pacific Railroad*); *Flynn v. Gorton* (1989) 207 Cal.App.3d 1550, 1554.)

Wife argues that the trial court erred in determining that stepson, husband, and stepson's wife had carried their burden of establishing that wife's contract and tort claims had been "actually litigated in the former" marital dissolution action.  "'For purposes of collateral estoppel, an issue was actually litigated in a prior proceeding if it was properly raised, submitted for determination, and determined in that proceeding'" (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511), by a court of "'competent jurisdiction'" (*Western Mutual Ins. Co. v. Yamamoto* (1994) 29 Cal.App.4th 1474, 1482-1483).  We review this issue de novo (*Union Pacific Railroad*, *supra*, 231 Cal.App.4th at p. 179), and agree with wife that these claims were not "actually litigated" in the marital dissolution proceeding for two reasons.

First, the family court did not have jurisdiction over wife's tort and contract claims for damages.  A family court's "jurisdiction in domestic relations cases is limited" to issues of marital status, child custody, spousal and child support, and "[t]he settlement of the property rights of the parties." (Fam. Code, § 2010; see also *Sosnick v. Sosnick* (1999) 71 Cal.App.4th 1335, 1339 (*Sosnick*); Cal. Rules of Court, rule 5.17.)  A family court has the power to join third parties to a dissolution proceeding, but only to resolve the above-enumerated issues. (*Sosnick*, at p. 1339; *Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1451-1452; *In re Marriage of Johnston* (1978) 85 Cal.App.3d 900, 906 [joinder of pension plan to resolve nature of property interest in pension fund; permissible].)  Joinder cannot reach tort or other actions seeking damages. (*Sosnick*, at

6

p. 1339; *In re Marriage of McNeill* (1984) 160 Cal.App.3d 548, 557, overruled on other grounds in *In re Marriage of Fabian* (1986) 41 Cal.3d 440, 451, fn. 13.) The only way contract and contract issues may be heard before a family court is if the court consolidates an ongoing civil action with the family court action and hears them at the same time. (*Sosnick*, at p. 1339; Code of Civ. Proc., § 1048, subd. (a).) In this case, the family court lacked jurisdiction to adjudicate wife's contract and tort claims for damages because those claims sought more than "[t]he settlement of property rights" and because those claims were never consolidated with the dissolution proceeding. Indeed, consolidation was impossible in this case because wife did not file her cross-complaint until *after* the family court issued its rulings.

Second, even if we assume that the family court did have jurisdiction over these claims, stepson, husband, and stepson's wife did not establish that the family court actually litigated and decided wife's contract and tort claims. The family court's rulings vacillated as to whether it was deciding those claims: The court initially stated that those claims were "not properly before" it, subsequently stated that wife had not adduced "sufficient evidence" to support her claims, but ultimately returned to its initial ruling that the claims were not before the court.[4] Given this uncertainty, the trial court also vacillated in its ruling as to whether the family court had actually litigated wife's contract and tort claims. Because the parties to this appeal have not provided us with the pleadings and other evidence before the family court at the time of its rulings, we are left to decide whether the family court actually decided wife's contract and tort claims based solely on the family court's seemingly contradictory statements in its orders. On this record, we conclude that the parties asserting collateral estoppel have not carried their burden of showing that these claims were actually litigated, especially in light of the maxim that any doubt is to be resolved *against* a finding of collateral estoppel.

---

[4] While this appeal was pending, wife asked the family court to clarify its prior orders. We decline to consider this additional attempt by wife to "stack the deck" and will instead evaluate the family court's actions by its contemporaneous orders.

7

Stepson, husband, and stepson's wife argue that wife's appeal is an untimely collateral attack on the family court's ruling, but this argument assumes its own conclusion. The issue to be decided is whether the family court previously ruled on these claims; we cannot conclude that it did, so this is not an unfair "second bite at the apple."

Our determination regarding collateral estoppel reaches only the issue presented to us on appeal—namely, whether the doctrine applies to wife's contract and tort claims *as a whole*. That was the basis of the trial court's ruling. We accordingly have no occasion to decide whether the parties to the marital dissolution proceeding actually litigated, and the family court actually decided, specific factual issues attendant to the resolution of the ownership status of the residence that may bear on wife's pending contract and tort claims.

## DISPOSITION

The judgment of dismissal is reversed. The case is remanded to the trial court with directions to vacate the orders granting the motion for judgment on the pleadings and sustaining the demurrers, and enter a new order denying those motions. Wife is entitled to her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                HOFFSTADT

We concur:

_____, P. J.
        BOREN


_____, J.
        CHAVEZ


8