

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00014-CV

_____

DANIEL L. RATLIFF AND CONNIE L. RATLIFF, Appellants

V.

HOMES BY ASHLEY, INC., Appellee

_____

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2019-006995-1

_____

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In this forcible-detainer appeal, Daniel and Connie Ratliff appeal from the trial court's October 9, 2019 judgment awarding Homes by Ashley, Inc. possession of real property and court costs.

On October 29, 2019, the Ratliffs filed a mandamus petition challenging the postjudgment proceedings in the trial court. *See In re Ratliff*, No. 02-19-00402-CV, 2019 WL 5655253, at *1 (Tex. App.—Fort Worth Oct. 31, 2019, orig. proceeding [mand. denied]) (per curiam) (mem. op.). In their petition, the Ratliffs acknowledged that they had been evicted from the property. Additionally, the constable's return in the mandamus record reflects that the constable executed the writ of possession on October 17, 2019, and delivered possession of the property to Ashley Homes.

The only issue in a forcible-detainer action is the right to actual possession of the property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A forcible-detainer appeal thus becomes moot upon an appellant's eviction from the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or unless damages or attorney's fees remain at issue. *See Wilson v. The Bluffs at Paradise Creek*, No. 02-14-00196-CV, 2015 WL 9598921, at *1 (Tex. App.—Fort Worth Dec. 31, 2015, pet. dism'd w.o.j.) (per curiam) (mem. op.); *Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied) (op. on reh'g). *See generally Williams v. Lara*, 52 S.W.3d

171, 184 (Tex. 2001) (explaining that a case becomes moot if a controversy ceases to exist between the parties at any stage of the proceeding).

Because the Ratliffs were evicted from the property, we notified them of our concern that their appeal is moot and that we thus lack jurisdiction over it. We warned them that we might dismiss this appeal for want of jurisdiction unless, within ten days, they filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. More than ten days have passed, and we have received no response.

Here, the trial court did not award damages or attorney's fees. Because the Ratliffs have not filed a response showing that they hold and assert a meritorious claim of right to current, actual possession of the property, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), (c), 43.2(f); *see, e.g.*, *Page v. Cerberus SFR Holdings, L.P.*, No. 02-19-00059-CV, 2019 WL 4124380, at *1 (Tex. App.—Fort Worth Aug. 29, 2019, no pet.) (mem. op.); *Wilson*, 2015 WL 9598921, at *1; *Stillwell v. AH4R I TX, LLC*, No. 02-13-00437-CV, 2014 WL 1668475, at *1 (Tex. App.—Fort Worth Apr. 24, 2014, no pet.) (per curiam) (mem. op.).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: March 5, 2020

3